Alonzo O. COULBOURNE, III,
and Eileen F. Coulbourne,
his wife, Plaintiffs,

v.

ROLLINS AUTO LEASING CORPORA-
TION, a Delaware Corporation, and
Roland Watson, Defendants.

Civ. A. No. 75-13.

United States District Court,
D. Delaware.

April 23, 1975.

Richard P. S. Hannum, of Prickett,
Ward, Burt & Sanders, Wilmington,
Del., for plaintiffs.

Edmund N. Carpenter, II, and Roderick R. McKelvie, of Richards, Layton & Finger, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

STAPLETON, District Judge:

This is an action under subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–91. In their complaint, plaintiffs (husband and wife) allege that they purchased a used automobile from Rollins Auto Leasing Corporation (hereafter "Rollins") with an odometer indicating 29,782 miles which mileage was represented "to be the correct reflection of the number of miles that automobile had traveled." In fact, plaintiffs allege, the car had been driven a total of 44,665 miles, the odometer discrepancy resulting from Rollins allegedly having caused the odometer to be set back in violation of 15 U.S.C. § 1984. The defendants are Rollins itself, along with Roland Watson, an employee of Rollins who is alleged to have participated in the unlawful activity complained of. Pursuant to 15 U.S.C. § 1989(a)(1), plaintiffs seek judgments against each defendant awarding the statutory minimum of $1,500 in damages, plus attorneys' fees.

Presently before the Court is a motion for partial summary judgment in which the defendants seek a ruling that the plaintiffs herein are not entitled to a double recovery under the statute. Defendants' theory is two-fold: first, they argue that the complaint fails to state any cause of action against Watson; alternatively, they argue that, even if a cause of action is stated against Watson, proper interpretation of the statute precludes any "windfall" double award to the plaintiffs. In order to evaluate the arguments of the parties, an analysis of the plaintiffs' complaint is necessary.

## COUNT II

Plaintiffs' complaint contains four "counts". In what might be called the core of the complaint, Count II alleges that Rollins violated 15 U.S.C. § 1984 by causing the odometer of the car purchased by plaintiffs to be set back. This count clearly states a cause of action under the statute. The only defendant named in Count II is Rollins itself, however.

## COUNT I

Count I of the complaint charges that Rollins and Watson jointly violated 15 U.S.C. § 1988, which provides:

. . . [T]he Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

Given the allegations of the complaint, Count I squarely states a cause of action against Rollins. Regarding Watson, plaintiffs contend first that "transferor" should be read as inclusive of a corporation's sales agent. It seems most unlikely, however, that Congress intended a corporation's sales agent to constitute a transferor within the meaning of Section 1988. In Section 1984, Congress made it unlawful for "any person or his agent" to reset an odometer. If Congress intended to include an agent under Section 1988, similar language

could have been used.[1] More fundamental, however, is the consideration that what is being "transferred" in a car sale is ownership—a legal relation which inheres in the titleholder and not in his sales agent. The Secretary of Transportation, in enacting the regulations called for by Section 1988, has so interpreted the term:

> "Transferor" means any person who transfers *his ownership* in a motor vehicle. . . .

49 C.F.R. § 580.3 (1973) (emphasis added). The interpretations of a Congressional enactment by an administrative agency, while not controlling, are entitled to weight. See Davis, Administrative Law Text 559 (1959). This Court concludes that a corporation's sales agent, having no interest in the title to the car, cannot constitute a "transferor" under Section 1988.

Alternatively, plaintiffs contend that 15 U.S.C. § 1988(b) should be read as if it had been written:

> It shall be a violation of this section for any transferor to violate any rules under this section or *for any person* to knowingly give a false statement to a transferee in making any disclosure required by such rules.

In effect, plaintiffs argue that the first clause of 15 U.S.C. § 1988(b)—prohibiting violations of "rules under this section"—refers to the giving of false statements by *transferors* and that the second clause prohibits illegal conduct by *any person,* including sales agents of transferors. This argument is unacceptable.

Reading the statute as plaintiffs do renders the first clause superfluous. Moreover, the phrase "rules under this section" patently refers to regulations to be administratively prescribed by the Secretary of Transportation pursuant to the authority granted in subsection (a) of Section 1988.[2] Thus, the statute regulates the conduct of *transferors* in two different respects and does not, as plaintiffs suggest, regulate the conduct of two different classes of parties in a single respect.

### COUNT III

■ Count III alleges that Rollins and Watson together conspired to "sell the subject auto to the plaintiffs with an odometer inaccurately reflecting the actual mileage in violation of Title 15, United States Code, Section 1986." This Count fails to state a cause of action against either of the defendants.

15 U.S.C. § 1986 provides:

> No person shall conspire with any other person to violate section 1983, 1984, 1985, 1987, or 1988 of this title.

Section 1983 precludes the sale or use of devices designed for the purpose of causing odometer setbacks; Section 1984 outlaws the actual setting back of odometers; Section 1985 renders unlawful the driving of a car with a non-functional odometer with intent to defraud; Section 1987 regulates the repair of broken odometers. There is nothing in Count III of plaintiffs' complaint which could possibly be related to any of these sections.

As for 15 U.S.C. § 1988, a reading of that section, quoted *supra,* indicates that the outlawed conduct is the *giving of false statements* "in connection with the transfer of ownership of a motor vehicle."

Count IV of the complaint, however, charges a conspiracy between Rollins and Watson to "knowingly give a false statement or no statement of mileage traveled. . . ." Thus, to the extent

---

1. The Court does not mean to imply any view as to whether there can be two violations and two recoveries under 15 U.S.C. § 1984.

2. See 49 C.F.R. §§ 580.1–580.6 (1973). These rules are evidentally designed to insure achievement of the principal Congressional objective—providing consumers with correct information regarding prior use of used automobiles.

Count III is intended to allege a conspiracy to violate Section 1988, it is duplicative of Count IV and is, accordingly, superfluous.

## COUNT IV

15 U.S.C. § 1986 as noted above prohibits conspiracies to violate certain sections of the odometer statute. Defendants argue that an agent cannot, as a matter of law, conspire with the corporation which is his principal. They rely on Nelson Radio & Supply Company v. Motorola, 200 F.2d 911 (5th Cir. 1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953), in which a conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, was alleged to exist among a corporation and its officers, employees, representatives and agents who were actively engaged in the management, direction and control of the affairs and business of the corporation. In Nelson, the court theorized that the act of the agent was the act of the corporation and, therefore, that a corporation could no more conspire with its agent than it could conspire with itself. This reasoning was subsequently approved by the Third Circuit Court of Appeals. See Goldlawr, Inc. v. Shubert, 276 F.2d 614 (3rd Cir. 1960) (dictum).

Plaintiffs insist that Nelson and its progeny are limited to cases where the agent is acting solely on behalf of the principal. They argue that their allegation that Watson was acting both as an agent of Rollins and "in his individual capacity in expectation of a commission . . . " makes this a different case from Nelson. The Court does not agree.

It is true that in Nelson, the court indicates that its rule would not apply where the agents were "actuated by any motives personal to themselves" or were not acting in their "normal capacities". 200 F.2d at 914. It is also true that, in Johnston v. Baker, 445 F.2d 424 (1971), the Third Circuit suggested comparable limitations on the Nelson rationale. The Johnston court suggested, for example, that Nelson would not apply to a case where some one or more of the defendants "were acting for personal reasons and [where] one of the parties to the conspiracy was not an employee or agent of the corporation." 445 F.2d at 427. There was no suggestion in Nelson, however, that the corporate agents were working without compensation, and the kind of "personal reasons" held to support a district court finding of conspiracy in Johnston, appears to have consisted of personal animus and/or desire for financial benefit other than one's corporate salary. Nowhere in Nelson or in Johnston is there any suggestion that the desire to protect or enhance one's salary makes an agent sufficiently independent of the corporation to be capable of conspiring with it. Indeed, if plaintiffs' limitations on Nelson was correct, the limitation would consume the rule save for the rare case where the corporate agents rendered their services gratis.[3] Given plaintiffs' allegation that the defendant Watson was acting as an employee of Rollins[4] and that the expectation of a commission is the only basis to distinguish him from the corporation, Count IV fails to state a cause of action.

## CONCLUSION

Accordingly, since none of the counts of the complaint states a cause of action against Watson, he is entitled to complete summary judgment in his favor. In addition, defendant Rollins is entitled to summary judgment in its favor on Counts III and IV of the complaint.

Submit order.

---

3. The Court attaches no significance to the fact that Watson in the present case is working on a commission basis and the defendants in Nelson were presumably salaried.

4. The Court intimates no opinion regarding the result which would follow if the individual defendant were shown to be an independent contractor. Cf. Tamaron Distributing Co. v. Weiner, 418 F.2d 137 (7th Cir. 1969).