Alice ROMANS, Plaintiff,

v.

SWETS MOTORS, INC., et al., Defendants.

No. 76–C–687.

United States District Court, E. D. Wisconsin.

Feb. 22, 1977.

Mary L. Sfasciotti, Kenosha, Wis., for plaintiff.

Jerome D. Grant, Milwaukee, Wis., for Swets Motors, Inc.

Whyte & Hirschboeck, by Victor M. Harding, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Clarence Swets has moved to dismiss the complaint against him on the ground that it fails to state a claim upon which relief can be granted. The action is one brought pursuant to the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, et seq. Treble damages are sought because of an alleged failure to disclose the true mileage of a certain Chrysler vehicle purchased by the plaintiff. The plaintiff avers that false and fraudulent representations and failures to disclose were made by the defendants.

In paragraph 6 of the complaint, the movant is identified as follows:

"Defendant CLARENCE SWETS, at all times relevant hereto was employed as Manager of SWETS MOTOR SALES, INC."

The disclosure obligations of the Motor Vehicle Information and Cost Savings Act are set forth in § 1988, which provides as follows:

"§ 1988.

"(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

"(1) Disclosure of the cumulative mileage registered on the odometer.

"(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

"Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

"(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules."

The gravamen of this complaint is a failure to make proper disclosure, and no other violations of the statute are alleged in the complaint. It is clear that the statutory onus for disclosure falls only upon a "transferor." Clarence Swets, the movant, is not designated in the complaint as a transferor. Under no reasonable construction of the complaint could he be regarded as a transferor since he functioned only as the manager of Swets Motors, Inc.

In paragraph 13 of the complaint, it is alleged that "Subsequently, defendant SWETS assigned title to the aforesaid vehicle to defendant SOUTHSIDE through its agent CLARENCE SWETS, . . ." This constitutes further reason to find that Mr. Swets was not a transferor but, instead, was working for the transferor. Pursuant to *Coulbourne v. Rollins Auto Leasing Co.,* 392 F.Supp. 1198 (D.Del.1975), the distinction is significant. At pp. 1199 and 1200, the court said:

"Regarding Watson, plaintiffs contend first that 'transferor' should be read as inclusive of a corporation's sales agent. It seems most unlikely, however, that Congress intended a corporation's sales agent to constitute a transferor within the meaning of Section 1988. In Section 1984, Congress made it unlawful for 'any person or his agent' to reset an odometer. If Congress intended to include an agent under Section 1988, similar language could have been used. More fundamental, however, is the consideration that what is being 'transferred' in a car sale is ownership—a legal relation which inheres in the titleholder and not in his sales agent. The Secretary of Transportation, in enacting the regulations called for by Section 1988, has so interpreted the term:

" 'Transferor' means any person who transfers *his ownership* in a motor vehicle.

"49 C.F.R. § 580.3 (1973) (emphasis added). The interpretations of a Congressional enactment by an administrative agency, while not controlling, are entitled to weight. See Davis, Administrative Law Text 559 (1959). This Court con-

cludes that a corporation's sales agent, having no interest in the title to the car, cannot constitute a 'transferor' under Section 1988."

No cause of action under § 1988 has been properly alleged as against Clarence Swets. Accordingly, his motion to dismiss must be granted.

Therefore, IT IS ORDERED that the motion of the defendant Clarence Swets to dismiss the complaint against him be and hereby is granted.