**Jerry Cecil LEACH**

v.

**BISHOP BROTHERS AUTO AUCTION, INC., and Carey Paul Ford, Inc.**

v.

**H. W. ROACH.**

**Civ. A. No. C76–2126A.**

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 31, 1977.

Gale W. Mull, Mull, Sweet & Harper, Atlanta, Ga., for plaintiff.

Michael J. Gorby, Atlanta, Ga., for defendant.

## ORDER

MURPHY, District Judge.

This case concerns the alleged violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq. (the Odometer Disclosure Law) in the sale of a 1968 Mercedes Benz automobile. On or about July 13, 1966 Carey Paul Ford, Inc. received the automobile in question from H. W. Roach. The five-place odometer read 34,177 but had in fact computed 134,177 miles. One hundred thousand mile increments can not be shown on this or other standard odometers. Carey Paul Ford transferred the car to Bishop Brothers Auto Auction with an Odometer Mileage Statement that the odometer mileage indicated on the car was 34,177. Plaintiff then purchased the car from Bishop Brothers.

Plaintiff filed suit against both Bishop Brothers Auto Auction and Carey Paul Ford. Defendant Carey Paul Ford subsequently filed a third-party complaint against Mr. Roach.

1. The case is before the court on the motion for summary judgment of defendant Carey Paul Ford. No response has been filed. It is assumed that there is no opposition to the motion. Local Rule 91.2, Northern District of Georgia.

Defendant contends that the acts alleged by the plaintiff do not constitute a violation of the Odometer Disclosure Law. Defendant contends that the Law's concern is altered odometers and not the failure to disclose one hundred thousand mile increments which are concealed through mechanical limitations. Defendant contends that the obligation to disclose actual mileage as "unknown" if the actual mileage is different from the odometer reading is inapplicable in a situation where, as here, the difference is known.

Several factors support defendant's construction of the law. First, the Congress has expressed a limited purpose for this act in 15 U.S.C. § 1981:

It is therefore the purpose of this subchapter to prohibit *tampering* with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having *altered or reset* odometers. (Emphasis supplied).

Defendants have not been accused of altering or resetting odometers. The focus of this litigation is the alleged failure to disclosure that the odometer was computing its second hundred thousand miles.

Second, pursuant to 15 U.S.C. § 1988 and 49 C.F.R. § 580.4, the odometer reading at the time of the transfer was disclosed. The requirements of 15 U.S.C. § 1988(a)(2) and the related provisions of 49 C.F.R. § 580.4(c) are irrelevant here because they concern a situation where the transferor knows that the odometer reading differs from the actu-

al mileage traveled, but the extent of that difference is unknown. *Rider Oldsmobile, Inc. v. Wright*, 415 F.Supp. 258 (M.D.Pa. 1976).

Third, the Odometer Mileage Statement provided in 49 C.F.R. § 580.6 and supplied by defendant Carey Paul Ford in this case indicates that:

I, ———— state that the odometer mileage indicated on the vehicle described below is ——— miles.

The form asks for the "odometer mileage indicated" and not the total miles traveled by the car.

■ By the above reasoning, Congress did not intend to include, and did not include, the nondisclosure of hundred thousand mile increments on five-place odometers within the purview of the proscriptions of the Odometer Disclosure Law. There being no genuine issue of material fact, and the defendant Carey Paul Ford being entitled to judgment as a matter of law, summary judgment on its behalf is proper. Rule 56(c), Federal Rules of Civil Procedure.

■ 2. The case is currently before the court on the motion of third-party defendant H. W. Roach to dismiss. The liability of a third-party defendant is dependent upon the liability of its third-party plaintiff. Rule 14(a), Federal Rules of Civil Procedure. The third-party plaintiff has been adjudged not liable. The complaint against H. W. Roach must be dismissed.

■ 3. The case is before the court on the motion of counsel for defendant Carey Paul Ford to withdraw. The client has been notified and the requirements of Local Rule 71.7, Northern District of Georgia have been met. Summary judgment has been granted on behalf of Carey Paul Ford, but counsel may have his name stricken as counsel of record.

4. The case is before the court on the joint motion of the parties for an extension of time to complete discovery. The extension will be permitted for a period of sixty days, with discovery to terminate on December 20, 1977. If discovery proceeds expeditiously, upon a report of the discovery completed at the end of this period and upon a showing as to what additional discovery is considered appropriate, the court will for good cause extend discovery for an additional appropriate period.

5. The case is before the court on plaintiff's motion to amend. The amendments pertain to claims which have been dismissed and it would be meaningless to allow the amendments at this time.

6. Accordingly, the motion for summary judgment is GRANTED. The motion to dismiss is GRANTED. The motion to withdraw as counsel of record is GRANTED. The motion to extend the discovery period is GRANTED as stipulated. The motion to amend is DENIED.

SO ORDERED this the 31st day of October, 1977.