Kathleen McGINTY, Plaintiff, Appellant,

v.

BERANGER VOLKSWAGEN, INC. et al., Defendants, Appellees.

No. 80–1065.

United States Court of Appeals,
First Circuit.

Submitted May 9, 1980.

Decided Sept. 25, 1980.

Steven M. Wise and Fraser & Wise, Brighton, Mass., on brief, for plaintiff, appellant.

Howard A. Pinta and Pinta & Murphy, Boston, Mass., on brief, for Ralph J. Lenoci, defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

After learning that the 1971 Dodge Dart she bought in 1976 had 126,514 miles on it, not just the 26,514 she thought, Kathleen McGinty filed suit against various defendants under 15 U.S.C. § 1989 (the federal odometer act), Mass.G.L. c. 266, § 141 (the Massachusetts odometer act), and Mass.G.L. c. 93A, § 9 (the Massachusetts consumer protection act). McGinty obtained default judgments against (1) Beranger Volkswagen, Inc., a New Hampshire corporation that bought the car from a customer who disclosed the odometer had "turned over," i. e., started over at 0 after registering 99,-999.9 miles, (2) King Motors, a Massachusetts business that bought the car from Beranger, (3) Carefree Auto Dealers, Inc., a Massachusetts corporation that bought from King, and (4) Ralph Lenoci, a director and agent of Carefree, who sold the car to McGinty.[1] The district court assessed triple damages of $4334.25 under 15 U.S.C. § 1989, plus $2,000 in attorney's fees, against Beranger, and held King, Carefree and Lenoci jointly liable for actual damages of $1,444.75 under Mass.G.L. c. 93A, § 9 and for $1,000 in attorney's fees. McGinty's appeal concerns only the judgment against Lenoci.

McGinty challenges the judgment against Lenoci as insufficient for three reasons: (1) the district court erroneously denied recovery against Lenoci under 15 U.S.C. § 1989, (2) the district court erroneously refused to double or triple damages under Mass.G.L. c. 93A, § 9, and (3) the award of attorney's fees was too low. We consider these contentions in order.

---

1. Beranger was defaulted for failure to make timely discovery; the others were defaulted for failure to answer.

*RECOVERY UNDER 15 U.S.C. § 1989*

McGinty sued all defendants including Lenoci under 15 U.S.C. § 1989, a provision of Subchapter IV of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981–1991, which sets forth certain "odometer requirements" in an effort to prevent odometer tampering and protect car purchasers. 15 U.S.C. § 1981. Section 1989 imposes liability for triple damages (or at least $1500) upon "[a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter." The requirement that the defendants allegedly violated with intent to defraud is contained in 15 U.S.C. § 1988, which at the time of the sale to McGinty provided, in pertinent part:

(a) Not later than 90 days after October 20, 1972, the Secretary [of Transportation] shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually travelled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

15 U.S.C. § 1988 (Supp.1973) ((b) amended 1976). The rules promulgated under this section and in effect at the time of the sale are found at 49 C.F.R., Chapter V, Part 580 (1975).

In support of her federal claim, McGinty alleged the following in her amended com-

plaint: (1) that when Birlem Pomroy sold the Dodge Dart in January 1976 to Beranger Volkswagen for $700, as part of a trade–in, he disclosed that the odometer had turned over, but was instructed by Beranger to write 25,932 instead of 125,932 on the odometer mileage statement, (2) that when Beranger transferred the car to King Motors later in the month, Beranger stated deliberately, falsely, and with intent to defraud on the odometer mileage statement and the New Hampshire title that the odometer mileage was 25,932, knowing the odometer mileage accrued was actually 125,932, (3) that when King transferred the car to Carefree Auto at the end of January, King stated deliberately, falsely, and with intent to defraud on the odometer mileage statement and the New Hampshire title that the odometer mileage accrued was 26,-100 miles, (4) that when Carefree transferred to McGinty in March, it did not give her an odometer mileage statement as required by 15 U.S.C. § 1988, and (5) that, at the time of the transfer from Carefree to McGinty, Carefree through its agent Lenoci "made both oral and written misrepresentations, deliberately, falsely, and with intent to defraud, that the total mileage accrued to the automobile ... was 26,514 miles," upon which misrepresentations McGinty relied in purchasing the car for $2124.75. Later in the complaint McGinty alleged that the unlawful acts of each defendant were committed deliberately, knowingly, and with intent to defraud in violation of 15 U.S.C. § 1989.

While stating that the defendants' defaults "establish[ed] all the well–pleaded facts in the complaint and the plaintiff's right to all recovery warranted by law on those facts," the district court denied recovery under 15 U.S.C. § 1989 against King, Carefree and Lenoci on the ground that their intent to defraud had not been pled with sufficient particularity. In this regard, the court said the following:

> The general conclusory allegations of knowledge and fraudulent intent are insufficient to warrant a finding that King, Carefree and Lenoci actually knew that the odometer certificates which they received from their sellers were false or that they acted with fraudulent intent. It appears from the plaintiff's testimony at the hearing on assessment of damages that the car was in apparent good condition, so that there were no circumstances which should have put them on notice to investigate the certified mileage. The actual facts alleged not only failed to support but tended to negate the general averment of knowledge. *Cf. Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir. 1977). Fraud must be alleged with particularity, Fed.R.Civ.P. 9(b), and this requirement may not be avoided by pleading "fraudulent intent," even though intent may be averred generally. *Id.*

We do not agree that recovery against Lenoci was unwarranted because intent to defraud was inadequately pled. Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

The clear weight of authority is that Rule 9 requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred. *E. g., Cramer v. General Tel. & Elecs. Corp.*, 582 F.2d 259, 272–73 (3d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979); *Felton v. Walston & Co.*, 508 F.2d 577, 581–82 (2d Cir. 1974); *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1297, at 403–04, § 1298, at 410, § 1301, at 426 (1969 ed.); 2A Moore's Federal Practice ¶ 9.03, at 9–23 (2d ed. 1979). *Contra, Ross v. A. H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir. 1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). This interpretation of Rule 9 comports with its language, harmonizes the rule with Rule 8, which requires that averments in pleadings be concise and direct, and at the same time fulfills a major purpose of Rule 9: to give

adequate *notice* of the plaintiff's claim of fraud or mistake, *see* 5 C. Wright & A. Miller, *supra,* § 1297, at 403–04.[2] Judged by this standard, the complaint here complied with Rule 9(b). With respect to Lenoci, the complaint as a whole alleged that in selling the car to McGinty, he represented the mileage as 26,514, although the odometer had "turned over" and the mileage was over 100,000. Because the circumstances of the misrepresentation were specified,[3] it was sufficient under Rule 9 and 15 U.S.C. § 1989 for McGinty to have pled generally that Lenoci's intent was fraudulent. *Compare Robinette v. Griffith,* 483 F.Supp. 28, 30–31 (W.D.W.Va.1979).

We also think Lenoci's intent to defraud was "well–pleaded" in the sense that the pertinent allegations were at least minimally sufficient to support a default judgment under 15 U.S.C. § 1989. To be sure, McGinty alleged that King had misrepresented the car's mileage in writing in transferring the car to Carefree. But such written misrepresentation did not necessarily preclude Lenoci's having gleaned the "true facts" either informally or from his examination of the condition of the vehicle, or both. The alleged misrepresentation by King did not so clearly contradict the allegation of Lenoci's intent to defraud as to prevent that element from being "well–pleaded" for default judgment purposes. *See Trans World Airlines, Inc. v. Hughes,* 308 F.Supp. 679, 683 (S.D.N.Y.1969), *modified on other grounds,* 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

The district court, it is true, did not bottom its finding that Lenoci lacked fraudulent intent solely on the absence of supporting facts in the complaint. The court also observed that plaintiff's testimony at the hearing on damages- that the car appeared in good condition when she purchased it- tended to undercut plaintiff's conclusions concerning Lenoci's knowledge of the car's true mileage and his intent to defraud. Appellant takes sharp exception to the court's reliance for this purpose upon evidence adduced at the damages hearing. She denies having had notice that the court regarded any aspect of liability as still being in contention; hence she says it was improper for the court to hold against her, on the question of Lenoci's liability, any testimony or lack thereof at the hearing on damages.

On its face, appellant's argument seems well taken, although we are hampered in evaluating it by the lack of a transcript of what actually went on at the damages hearing. Were it not content to rest its findings of liability on the well–pleaded allegations of the complaint, the district court would have been entitled to require actual proof of intent to defraud. *See* 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2688, at 280–81 (1973 ed.); Fed.R. Civ.P. 55(b)(2). But the court could not do so without making its requirements known in advance to the plaintiff, so that she could understand the direction of the proceeding and marshall such evidence as might be available to her.

We need not, however, resolve this issue here. Even assuming the district court erred in relying on evidence presented at the damages hearing and in refusing to accept the well–pleaded fraud allegations pertaining to Lenoci, its refusal to grant relief against Lenoci under 15 U.S.C. § 1989 must be upheld on another ground.

■ As noted above, McGinty's theory was that Lenoci was liable under 15 U.S.C. § 1989 for violating 15 U.S.C. § 1988 with intent to defraud. But the mileage disclosure requirements contained in § 1988 are imposed only upon a "transferor" of a mo-

---

**2.** Rule 9(b) is also said to be designed to protect defendants whose reputation could be harmed by lightly made charges of wrongdoing involving moral turpitude, to minimize "strike suits," and to discourage the filing of suits in the hope of turning up relevant information during discovery. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1296 (1969 ed.); *Temple v. Haft,* 73 F.R.D. 49, 52 (D.Del.1976).

**3.** In addition to contents of the misrepresentation discussed above, the date was given as on or about March 3, 1976, and the place was presumably Carefree's business location, alleged to be in Wakefield, Mass.

tor vehicle. A "transfer" is defined by statute as a "change [in] ownership by purchase, gift, or any other means," 15 U.S.C. § 1982(5) (formerly 15 U.S.C. § 1982(3) (Supp.1973)), and a "transferor" is defined by regulation as "any person who transfers his ownership in a motor vehicle by sale, gift, or any means other than by creation of a security interest," 49 C.F.R. § 580.3. In this case it was Carefree that transferred ownership of the car to McGinty; although a director and agent of Carefree, Lenoci never had any ownership interest in the car. Therefore, Lenoci was not a "transferor" within the meaning of § 1988. Although McGinty contends that Lenoci could nevertheless be held liable under § 1989, which imposes liability on "any person," we think liability under § 1989 is derivative of § 1988 and dependent on a showing that Lenoci was a "transferor." In line with the weight of authority, we conclude that Lenoci, as director and agent of the transferor Carefree, was not liable under 15 U.S.C. § 1989. *Ryan v. Edwards,* 592 F.2d 756, 762 (4th Cir. 1979); *DuVal v. Midwest Auto City, Inc.,* 578 F.2d 721, 724–25 (8th Cir. 1978); *Bryant v. Thomas,* 461 F.Supp. 613, 618 (D.Neb. 1978); *Romans v. Swets Motors, Inc.,* 428 F.Supp. 106, 107–08 (E.D.Wis.1977); *Coulbourne v. Rollins Auto Leasing Corp.,* 392 F.Supp. 1198, 1199–1200 (D.Del.1975). *Contra, Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397, 401 (S.D.W.Va.1975).[4]

Although the district court did not address the question whether Lenoci was a "transferor" under § 1988 who could be held liable under § 1989, we think it is appropriate to reach the issue and affirm the denial of relief against Lenoci under § 1989. The question was raised in the district court, with McGinty arguing in a memorandum of law that Lenoci could be liable under § 1989 even if not a "transferor," and citing authority for and against her position. On appeal, McGinty briefed the issue again. Although Lenoci did not specifically disclaim liability as a "transferor," he did argue in his appellate brief that the complaint failed to state a claim against him under § 1989 and as such could not support a default judgment against him under that provision. *See Nishimatsu Construction Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). *See generally United States v. American Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924). In the peculiar circumstances of this case, we see nothing improper or unfair to McGinty in upholding, on an alternate ground, the judgment in favor of Lenoci on the § 1989 claim. *Compare Singleton v. Wulff,* 428 U.S. 106, 119–21, 96 S.Ct. 2868, 2876–2877, 49 L.Ed.2d 826 (1976).

### RECOVERY UNDER MASS.G.L. c. 93A, § 9

We now address McGinty's pendent state claim under Mass.G.L. c. 93A, § 9. Section 2 of c. 93A declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 9 governs private actions for violations of Section 2 and provides, in pertinent part:

> [I]f the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of section two.

In support of her claim under c. 93A, § 9, McGinty realleged the allegations pertaining to her federal claim. She further alleged that the actions of each defendant constituted unfair or deceptive acts or practices and were committed willfully and with knowledge that they were unfair or deceptive in violation of Mass.G.L. c. 93A, §§ 2 and 9.

---

**4.** We need not decide whether we agree with authority holding that a transferor who does not disclose that an odometer has turned over at 100,000 miles violates the disclosure requirements of 15 U.S.C. § 1988. *E. g., Ryan v. Edwards,* 592 F.2d 756, 760–61 (4th Cir. 1979); *Mayes v. Warren Hollon Motors,* 410 F.Supp. 768, 769 (S.D.Ohio 1975); *Klein v. Pincus,* 397 F.Supp. 847, 851 (E.D.N.Y.1975). *Contra, Leach v. Bishop Bros. Auto Auction, Inc.,* 441 F.Supp. 98, 99–100 (N.D.Ga.1977); *Rider Oldsmobile, Inc. v. Wright,* 415 F.Supp. 258, 262–63 (M.D.Pa.1976). A regulation promulgated in 1977 pursuant to 15 U.S.C. § 1988 requires disclosure that an odometer has turned over. 49 C.F.R. § 580.4(c)(2).

Immediately after refusing to hold King, Carefree and Lenoci liable under 15 U.S.C. § 1989, the district judge declared them liable for misrepresentation under c. 93A, § 9, noting that under the latter statute neither knowledge nor fraudulent intent were prerequisites to liability. *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703, 322 N.E.2d 768, 779 (1975). With respect to multiple damages under § 9, however, the court stated, "[d]amages will not be doubled or tripled since it cannot be found that the misrepresentation was 'willful or knowing.'"

On the basis of this brief statement, it is difficult to say whether the district court erred. It is not clear whether the district court denied multiple damages because it thought willfulness and knowledge, like intent to defraud, were insufficiently pled, or because it thought these matters had not been adequately proved at the hearing on damages.[5] If the former, for the same reasons that intent to defraud was adequately pled, so were willfulness and knowledge. If, however, the district judge denied multiple damages on the latter ground, he may have been correct. McGinty flatly asserts that Lenoci's willfulness and knowledge, having been adequately pled, were established by his default and that, as a result, at least double damages were mandatory under § 9. But a good argument can be made that these factors related to the amount of damages due, and as such were not established by the default and had to be proved. *See* Fed.R.Civ.P. 8(d) and 55(b)(2); *cf. Flaks v. Koegel*, 504 F.2d 702, 706–07 (2d Cir. 1974) (right to and amount of punitive damages are not established by default and must be subject of evidentiary hearing); *Fehlhaber v. Indian Trails, Inc.*, 425 F.2d 715, 717 (3d Cir. 1970) (relative degree of fault of joint tortfeasor went to extent of damages and was not admitted by default).

*See generally Eisler v. Stritzler*, 535 F.2d 148, 153–54; (1st Cir. 1976); 10 C. Wright & A. Miller, *supra*, § 2688, at 280.

We are reluctant to guess at the district court's precise reason for denying multiple damages or to decide whether Lenoci's willfulness and knowledge had to be proved as an element of damages–a substantial question not meaningfully briefed by the parties below or on appeal. In these circumstances, we think it proper to remand to the district court with directions that it clarify the basis of its position with respect to multiple damages against Lenoci under c. 93A, § 9.

### ATTORNEY'S FEES

 We also conclude that a remand is in order on the question of attorney's fees. Both 15 U.S.C. § 1989 and Mass.G.L. c. 93A, § 9 provide for fee awards, although they do not specify how such awards are to be calculated. McGinty sought an award of $17,100, for 228 hours of work at $75/hour, and supported this request with detailed affidavits and a memorandum of law discussing the factors deemed relevant to fee awards in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–20 (5th Cir. 1974). In limiting the fee recovery to $2000 against Beranger and to $1000 against King, Carefree, and Lenoci jointly, the district court said the following:

I have no doubt that the lawyers spent the time. The filings in court fill two fat files. They have briefed every aspect of the case to a fare–thee–well. Reasonable diligence by attorneys in these cases is certainly to be encouraged. Even when the statute is remedial and plaintiff's attorney is in the position of a "private attorney general," however, some reasonable cost–benefit relationship should be observed. The remedial aspect of these statutes is not directed to the economic hardships of lawyers. The damages in this case are as high as they are only

---

5. Lacking a transcript of the damages hearing, we do not know if any evidence on these matters was called for or offered, and could not review a finding–if one was made–that Lenoci's willfulness or knowledge was not proved during the hearing. Normally, given the failure to provide a transcript, we would resolve such an issue against the plaintiff–appellant. However, as there has been confusion on the issue of plaintiff's burden at the hearing on damages and as this is a matter of first impression in this circuit, we are inclined to give plaintiff the benefit of the doubt at this point.

because the plaintiff paid a price for the car which was inflated over and above the mileage factor. There was evidence that given the age of the car the additional mileage would have affected the retail value by only $150. Plaintiff's attorneys were put to an extra investment of time occasioned by defendant Beranger's delays in responding to discovery. For the last reason the award of attorneys' fees against Beranger will be $2,000 and against the other defendants $1,000.

We do not think the district court necessarily erred in scrutinizing what was actually accomplished by way of damages as a result of counsel's diligence.[6] *See Perez v. University of P.R.*, 600 F.2d 1, 2 (1st Cir. 1979), and *id.* at 3 (Campbell, J., concurring). *Compare Furtado v. Bishop*, 604 F.2d 80, 98 (1st Cir. 1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980) (fee may not be calculated merely by halving dollar recovery). We require, however, a fuller explanation of the standards and facts which the court took into account in setting the fee. It is difficult to review the fee award against Lenoci for abuse of discretion because it is not clear how the district court arrived at the figure of $1,000, except that it was one-half the fee awarded against Beranger. It is unclear, moreover, whether the court meant to apply federal or state court standards in calculating attorney's fees against Lenoci. While the law on this question has not yet been crisply delineated, it is our opinion that federal courts should look first to state law. It has been recognized that in diversity cases attorney's fees are a substantive issue on which state law controls. *Alyeska Pipeline Ser. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). The same reasoning would seem to apply to pendent jurisdiction cases. To the extent Massachusetts law is silent or incomplete on the calculation of attorney's fees, however, the analysis in *King v. Greenblatt*, 560 F.2d 1024, 1026–27 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), may well be relevant.

---

**6.** Actual damages were found to be $1444.75, the difference between the purchase price and the fair value of the car ($650). As noted

*CONCLUSION*

The judgment against Lenoci is affirmed with respect to the claim under 15 U.S.C. § 1989. In all other respects, the judgment against Lenoci is vacated and this case is remanded for further proceedings consistent with this opinion.

*So ordered.*

above, the damages were tripled as to Beranger, but not as to King, Carefree and Lenoci. Total damages were $5779.00.