**Helen H. PAVLIDIS, et al., Plaintiffs,**

v.

**NEW ENGLAND PATRIOTS FOOT-BALL CLUB, INC., William H. Sullivan, Jr. and Mary H. Sullivan, Defendants.**

**Civ. A. No. 76–4240–S.**

United States District Court,
D. Massachusetts.

July 30, 1987.

Camille F. Sarrouf, Anthony Tarricone, Boston, Mass., Nathaniel S. Weinter, Norwood, Mass., for plaintiffs.

Richard E. Bachman, George T. Finnegan, John D. Donovan, Jr., Ropes & Gray, Boston, Mass., for defendants.

**MEMORANDUM AND ORDER ON PLAINTIFFS' PROPOSED FORM OF JUDGMENT AND MOTION FOR APPROVAL OF FEE AGREEMENT**

SKINNER, District Judge.

Liability and damages have been established in this case. Both sides have therefore submitted proposed forms of judgment to implement the orders already entered. In addition, plaintiffs have moved for approval of a fee agreement entered into between the named plaintiffs and their attorneys.

This is undoubtedly a common fund case. *See Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). The fees that plaintiffs' attorneys seek to recover will flow from the moneys which will otherwise accrue as damages to

members of the plaintiff class. Therefore, it would be next to impossible to enter a final judgment in this case without first resolving the question of attorneys' fees. Since the attorneys' fees question cannot be answered without a hearing, this case will be set down for a hearing on attorneys' fees on September 29, 1987, at 2:00 p.m., and decision on a form of judgment will be deferred until that time.

 In order to delineate the contours of that hearing, I now hold that appropriate attorneys' fees are determined in this case by reference to Massachusetts law. In *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975), the Supreme Court stated that a federal court sitting in diversity should apply state law. In *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 232 (1st Cir.1980), our court of appeals held that the same rule applied to pendent jurisdiction cases. In this context, the statement in *McGinty* that where state law "is silent or incomplete," the analysis used to determine attorneys' fees under federal statute "may well be relevant," *id.*, was, I think, only a direction to district courts that First Circuit precedent might be helpful in filling in interstices in state law.

Defendants also urge that federal law should control because this court has an obligation under Fed.R.Civ.P. 23 to protect the interests of class members. I agree that I have an obligation to protect the interests of absent class members. That is, in part, the purpose of the hearing. However, Rule 23 says nothing about how attorneys' fees are to be calculated. Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), where an issue would normally be one of state law, the Federal Rules of Civil Procedure only change this result where a particular federal rule directly requires that a particular practice be followed. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Since the Supreme Court cited

*Hanna* in the *Alyeska Pipeline* decision, I conclude that the appropriate attorneys' fees are to be determined under Massachusetts law.[1]

My initial reading of the Massachusetts cases is that Massachusetts permits recovery of attorneys' fees to be based at least in part on the success achieved, and that fees may reflect a percentage of the common fund. *Mulhearn v. Roach*, 398 Mass. 18, 494 N.E.2d 1327 (1986); *First Nat. Bank of Boston v. Brink*, 372 Mass. 257, 361 N.E.2d 406 (1977); *Cummings v. National Shawmut Bank*, 284 Mass. 563, 188 N.E. 489 (1933).

At the hearing, counsel will be permitted to argue further on how fees should be calculated, including whether the fee agreement should be approved, and, if not, what factors should be considered. In addition, plaintiffs' counsel will have an opportunity to defend the extremely sketchy fee affidavits they have submitted.

---

1. Even if this case were controlled by federal law, the Supreme Court has stated that for "the calculation of attorneys' fees under the 'common fund doctrine,' ... a reasonable fee is based on a percentage of the fund bestowed on the class, ..." *Blum v. Stenson*, 465 U.S. 886, 900 n. 16, 104 S.Ct. 1541, 1550 n. 16, 79 L.Ed.2d 891 (1984).