**Abraham GREENBERG and Marion Lord on Behalf of themselves and all others similarly situated**

v.

**HOWTEK, INC., Robert Howard and David R. Bothwell.**

No. C–91–11–L.

United States District Court, D. New Hampshire.

April 1, 1992.

Kenneth G. Bouchard, Bouchard and Mallory, Manchester, N.H., for plaintiffs Abraham Greenberg and Marion Lord.

Lee Squitieri, Abbey & Ellis, New York City, for plaintiff Marion Lord.

Klari Neuwelt, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff Abraham Greenberg.

Andrew D. Dunn, Devine, Millimet, & Branch, Manchester, N.H., David Smith, Tenzer, Greenblat, Fallon & Kaplan, New York City, for defendants Howtek, Inc., Robert Howard and David Bothwell.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, Senior District Judge.

Plaintiffs Greenberg and Lord bring this class action against Howtek and two of its officers. The first count is against all defendants for violation of § 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934 (the "Exchange Act"). The second count is against the individual defendants for violation of § 20(a) of the Exchange Act. 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b–5 (1991). The remaining two counts are against all defendants for state common law fraud and deceit, and negligent misrepresentation. Jurisdiction is founded on the Exchange Act, 15 U.S.C. § 78aa and principles of pendent jurisdiction.

### Background

The facts as alleged by plaintiffs, for the purposes of this motion to dismiss, are accepted as true. Plaintiffs Abraham Greenberg and Marion Lord, purchasers of common stock in Howtek, Inc., bring this class action pursuant to Rule 23, Fed.R.Civ. P., on behalf of themselves and all others similarly situated who purchased Howtek common stock on the open market between March 7, 1990 and January 7, 1991, inclusive (the "Class Period"). The class action has not been certified.

Plaintiff Abraham Greenberg purchased 500 shares of Howtek common stock on December 28, 1990. Plaintiff Marion Lord purchased 50 shares of Howtek common stock on September 5, 1990.

Howtek is a Delaware corporation with its principal executive offices in Hudson, New Hampshire. The company is engaged in the design, development and sale of computer systems dedicated to color reproductions. The two individual defendants are officers of the corporation. Robert Howard is the chairman of the board of directors and chief executive officer. David Bothwell is the president, chief operating officer, chief financial officer and a director of Howtek.

This action was originally commenced in January, 1991, and was consolidated in April, 1991. Plaintiffs filed their consolidated, amended and supplemental class action complaint on May 2, 1991. On September 24, 1991, on defendants' motion, this court dismissed plaintiffs' federal securities claim for failure to comply with Rule 9(b)'s particularity requirement. With respect to plaintiffs' state law claims of fraud and deceit and negligent misrepresentation, the court declined to exercise pendent jurisdiction. Plaintiffs were permitted to amend their complaint only insofar as to conform to the particularity requirement of Rule 9(b).

Plaintiffs filed their second consolidated, amended and supplemental class action

complaint on October 23, 1991. Plaintiffs seek to recover damages against defendants as defendants allegedly disclosed materially false information and omitted material information which artificially inflated the price of Howtek's stock during the class period. Plaintiffs allege they relied on defendants' misstatements and omissions in purchasing their shares of stock.

Pending before the court are defendants' motions to dismiss plaintiffs' second consolidated, amended and supplemental class action complaint for failure to plead fraud with particularity as required by Fed. R.Civ.P. 9(b), and for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6).

### Discussion

■ In deciding this motion the court must accept the factual allegations set forth in the complaint as true "indulging every reasonable inference in plaintiff's favor." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990) (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)); *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). The complaint can be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Lessler v. Little*, 857 F.2d 866, 867 (1st Cir.1988), *cert. denied*, 489 U.S. 1016, 109 S.Ct. 1130, 103 L.Ed.2d 192 (1989); *Dartmouth Review*, 889 F.2d at 16.

■ To state a claim under Section 10(b) and Rule 10b–5, codified at 15 U.S.C. § 78j(b), factual allegations in the complaint must indicate:

1) defendants misrepresented or omitted material facts in connection with the purchase and sale of a security;

2) plaintiffs relied on such misrepresentation or omission to their detriment;

3) defendants made the misrepresentation or omission with scienter.

*See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.-10b–5; *See, also Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47

L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

Rule 9(b) states:

In all averments of fraud or mistake the circumstances surrounding the fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.

■ In ruling on a motion to dismiss the court must construe Rule 9(b) in conjunction with Rule 8 which requires that averments in a pleading be concise and direct. Fed.R.Civ.P. 8(e). The rule is satisfied if the pleading specifies the "time, place, and content of an alleged false representation but not the circumstances or evidence from which the fraudulent intent could be inferred." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir.1985) (citing *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980); *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13–14 (1st Cir.1984)). However, the complaint must provide some factual support for the allegations of fraud, even when the fraud relates to matters peculiarly within the knowledge of the opposing party. *Id.; New England Data Services, Inc. v. Becher*, 829 F.2d 286, 288 (1st Cir.1987).

There are three purposes behind Rule 9(b)'s particularity requirement: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations", *Becher*, 829 F.2d at 289.

Additionally, in the securities litigation context, Rule 9(b): "operates to diminish the possibility that 'a plaintiff with a largely groundless claim [will be able] to simply take up the time of a number of other people [by extensive discovery], with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence....'"

*Wayne,* 739 F.2d at 13 (citing *Ross v. A.H. Robins,* 607 F.2d 545 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980)) (quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975)). This circuit has stringently applied Rule 9(b)'s particularity requirement in securities litigation. *See* e.g., *Becher,* 829 F.2d at 288; *Hayduk,* 775 F.2d at 438, *Wayne,* 739 F.2d at 93.

■ Plaintiffs allege, *inter alia,* that in Howtek's Form 10–Q Quarterly Report for the first quarter of 1990, filed on May 4, 1990, the statement that the company expected sales of all products to continue to increase over the next year was materially false and misleading since one of the company's products, the Pixelmaster, was experiencing decreasing sales. (Second Amended Complaint at pars. 23, 24). Plaintiffs allege that the defendants knew that the sales of that product were not increasing but were decreasing. (Second Amended Complaint at par. 24). According to plaintiffs, in the first quarter of 1990, Howtek's sales of the Pixelmaster were $191,-000, or only 2.5% of sales, whereas Pixelmaster had accounted for approximately 13% of sales in 1989. (Second Amended Complaint at par. 24). The court finds that defendant's aforementioned optimistic statement is insufficient to support a strong inference of fraud.

In a recent district court opinion an investor brought a securities fraud class action against a corporation engaged in commercial lending. On reconsideration, the court granted the corporation's motion to dismiss the complaint, holding that the investor's allegations concerning optimistic statements made by the corporation's chief executive officer regarding the corporation's future performance and the price of the corporation's stock were insufficient to state a securities fraud claim. *Haft v. Eastland Financial Corp.,* 772 F.Supp. 1315 (D.R.I.1991).

Furthermore, the First Circuit has held that it is not necessarily misleading not to report the number of sales, or that they were below expectations. *Backman v. Po-laroid Corp.,* 910 F.2d 10, 16 (1st Cir.1990) (information in manufacturer's quarterly report, that new camera was being sold below cost, was not misleading to investors by reason of not saying how much below or failing to report that sales were below expectations). Moreover, "[s]ecurities laws do not guarantee sound business practices and do not protect investors against reverses." *Haft,* 772 F.Supp. at 1321 (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.) *cert. denied,* — U.S. —, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990)).

■ In their second amended complaint, plaintiffs cite excerpts from quarterly and annual reports, news releases and defendant Bothwell's statements made in a July 16, 1990 Wall Street Journal article. Plaintiffs have focused on statements made by defendant Bothwell at a meeting with members of the financial analyst community in Boston on June 27, 1990. Paragraphs 30 and 31 of the amended complaint state that Bothwell told the analysts that Howtek expected to earn $0.75 per share in 1990 on sales (revenues) of $30 million, and that Howtek expected to earn $2.00 per share in 1991 on revenues of $48 million. Bothwell also relayed positive information about the Personal Color Printer and the Personal Color Scanner, including that both products would be available for shipment to customers in the third quarter of 1990. Plaintiffs assert in paragraph 35 of their complaint that the earnings projections made by Bothwell, on behalf of Howtek, were false and misleading because they had no reasonable basis. However, Bothwell's statements regarding the earnings projections were merely predictions and are not actionable. "Statements about future events that are plainly expressions of opinion and not guarantees are not actionable under the federal securities laws." *Haft v. Eastland Financial Corp.,* 772 F.Supp. 1315, 1320 (D.R.I.1991) (citing *Hershfang v. Citicorp,* 767 F.Supp. 1251, 1255 (S.D.N.Y. 1991)).

Bothwell's statements made at the June 27, 1990 meeting were subsequently reported in analyses issued by several brokerage firms. In paragraphs 32 and 33 of their

second amended complaint, plaintiffs point to two such reports, including a June 28, 1990 wire released by Dean Witter Reynolds, Inc. and a July 2, 1990 report released by Labe, Simpson, & Co., Inc. In paragraphs 36 through 38 of their second amended complaint, plaintiffs also point to Bothwell's interview with the *Wall Street Journal*, which was released to the public on July 13, 1990, via the Dow Jones News Wire, and published in the *Wall Street Journal* on July 16, 1990. As noted in *Haft*, however, "[a]nalysts' opinions are neither relevant ... nor admissible, and even if the 'analysts' assum[ptions]' are true, that can not reasonably lead to an inference that defendants made intentional or reckless misrepresentations to the public at an earlier time." *Id.*

Plaintiffs assert that the July 16, 1990 Wall Street Journal article, wherein defendant Bothwell gave optimistic earnings predictions for the new Printer and Scanner, is misleading. Plaintiffs conclude that this prediction was misleading because the defendants already knew privately that it was unlikely that units of the Personal Color Printer would be delivered by August 1990. (Second Amended Complaint at Par. 35). Howtek did, in fact, have problems with this new product because the German manufacturer, Siemens, was unable to meet the first delivery scheduled for August 1990. Later, Howtek received $4.6 million dollars in settlement from Siemens for breach of contract because of Siemen's ultimate inability to fulfill its contract with Howtek. (Second Amended Complaint at Par. 52).

■ While plaintiffs assert that defendants knew before August of 1990, that Siemens would be unable to provide Howtek with the Personal Color Scanners, they give the court no factual basis for this assertion. (Second Amended Complaint at pars. 35, 40). Plaintiffs' allegation, unsupported by any facts, is insufficient to sustain a claim of fraud. Allegations of fraud generally cannot be based on information and belief except where relevant facts are peculiarly within the opposing party's knowledge. *Luce v. Edelstein*, 802 F.2d 49, 54 n. 1 (2nd Cir.1986). "This exception

to the general rule must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990).

■ As the First Circuit noted in *Romani v. Shearson Lehman Hutton*, "[w]here allegations of fraud are explicitly or, as in this case, implicitly, based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." 929 F.2d 875, 878 (1st Cir.1991) (citations omitted).

> We have been especially rigorous in demanding such factual support in the securities context to minimize the chance that a plaintiff with a largely groundless claim will bring a suit and conduct extensive discovery in the hopes of obtaining an increased settlement, rather than in the hopes that the process will reveal relevant evidence ...

*Id.* (citations omitted).

Further, this court has stated "[a]llegations in the form of mere conclusions, accusations, or speculation are not sufficient to meet Rule 9(b)'s particularity requirement without supporting facts surrounding the scheme to defraud or a basis for believing such a scheme existed." *Shields v. Amoskeag Bank Shares, Inc.*, 766 F.Supp. 32, 38 (D.N.H.1991).

In their new complaint, plaintiffs have done no more than to conclude that defendants had knowledge, prior to the August delivery date, that Siemens would be unable to deliver the Personal Color Scanners to Howtek. Based on the foregoing authority, this allegation, without any factual basis to support it, is insufficient to sustain a claim of fraud. Regarding this allegation, the court is unable to find that defendants' conduct gives rise to a strong inference of fraud.

■ Plaintiffs also assert, with regard to the ultimate unavailability of the Personal

Color Printers, that defendants had a duty to disclose this information. (Second Complaint at pars. 40–43). The First Circuit has identified three situations in which the duty to disclose arises:

(1) when a "corporate insider trades on confidential information"

(2) when a corporation has made "inaccurate, incomplete, or misleading prior disclosures," and

(3) when a statute or regulation requires disclosure.

*Roeder v. Alpha Industries, Inc.*, 814 F.2d 22, 26–27 (1st Cir.1987). "Obviously, if a disclosure is in fact misleading when made, and the speaker thereafter learns of this, there is a duty to correct it." *Backman v. Polaroid*, 910 F.2d 10, 16–17 (1st Cir.1990).

█ Plaintiffs allege that due to the unavailability of the Personal Color Printer, the defendants had a duty to update their predictions of increased sales. Plaintiffs assert that the defendants should have updated their representations to the investing public that the Personal Color Printer would not be delivered to customers in the 3rd quarter of 1990, as they had maintained. (Second Complaint at Pars. 18(c), 25, 31, 32). Plaintiffs assert that this failure to update was intentional on the part of the defendants. According to plaintiffs, defendant Howard, who owns 21% of Howtek's stock, made these alleged misrepresentations in order to personally gain from the increase in the price of the stock. The court notes that plaintiffs do not allege that defendant Howard sold any of his Howtek stock during the class period. In order to curry favor with his superior, defendant Howard, defendant Bothwell, whom plaintiffs assert "owed his position" to Howard, engaged in allegedly misleading and deceptive conduct which artificially inflated the price of Howtek stock, in order "to show results" to Howard. (Second Amended Complaint at pars. 17, 27).

The court finds that plaintiffs' assertions regarding defendants' behavior, as well as the motivations it imputes to defendants Howard and Bothwell for making these allegedly misleading statements are insufficient to sustain a claim of fraud.

█ Plaintiffs allege in paragraphs 47 and 50 of their second amended complaint that Howtek's Form 10–Q Quarterly Report for the third quarter of 1990, filed on October 17, 1990, overstated the company's assets by $1,250,000, the value of the Pixelmaster-related ink jet technology licenses. Plaintiffs allege that had Howtek's third quarter income statement fairly reflected true income, Howtek would have reported a substantial loss rather than a profit in the third quarter. Plaintiffs allege that the value of these licenses should have been reduced to zero, since sales of the Pixelmaster printer did not generate enough revenue to pay for the minimum $1,000,000 royalty due on the licenses and the additional $1,000,000 dollars that would be due in 1991. Plaintiffs allege that this loss, charged to the fourth quarter of 1990, should have been charged to the third quarter of 1990. However, "[i]t is well established that allegations of 'corporate mismanagement alone are not sufficient to implicate Rule 10b–5,' and that there is a further requirement of deception in the management." *Shields v. Amoskeag Bank Shares, Inc.*, 766 F.Supp. 32, 36 (D.N.H.1991) (citing *Sante Fe Industries, Inc. v. Green*, 430 U.S. 462, 476, 97 S.Ct. 1292, 1302, 51 L.Ed.2d 480 (1977)). Further, "[m]ost courts recently faced with strikingly similar complaints have concluded that these allegations amount to corporate mismanagement and poor business judgment in coping with the general economic downturn, rather than fraud." *Shields*, 766 F.Supp. at 38 (collecting authorities). Based on the foregoing authority, the court finds this allegation, essentially an issue of internal corporate decisionmaking, relating to special and unique management skills, is insufficient to state a claim for fraud.

## Conclusion

Although the plaintiffs may have established a possible motive for the fraud (to maintain the artificially high prices of Howtek's stock) they have presented no evidence that a fraud was actually committed. Further, the inference one may draw from

the positive earnings projections, the timing of the public statements and releases, as well as the corporation's decision of when to take the write-off for the Pixelmaster is insufficient, without additional supporting facts and circumstances, to withstand the strict requirements of Rule 9(b). The facts alleged in the complaint do not constitute "fraud" within the meaning of Rule 10b–5. For the foregoing reasons, the court dismisses plaintiffs' federal securities claim for failure to comply with Rule 9(b)'s particularity requirement.

Defendant's motion to dismiss (doc. no. 37) is granted.