Cecilia R. GISSEN, Plaintiff,

v.

COLORADO INTERSTATE CORPORATION et al., Defendants.

Osher CHECHIK, Plaintiff,

v.

COASTAL STATES GAS CORPORATION et al., Defendants.

Joan WEISBERG, Plaintiff,

v.

COASTAL STATES GAS PRODUCING COMPANY et al., Defendants.

Helen BOMASH, Plaintiff,

v.

COLORADO INTERSTATE CORPORATION et al., Defendants.

Civ. A. Nos. 4645, 4697, 4723 and 4743.

United States District Court,
D. Delaware.
Feb. 19, 1974.

Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, Del., for plaintiffs Gissen in C.A. 4645 and Weisberg in C.A. 4723.

William E. Taylor, Jr., and Henry A. Heiman, Wilmington, Del., for plaintiff Bomash in C.A. 4743.

Rodney M. Layton, Wendell Fenton and James H. Gilliam, Jr., of Richards, Layton & Finger, Wilmington, Del., and Shea, Gould, Climenko & Kramer, New York City, of counsel, for defendants Colo. Interstate Corp. and Coastal States Gas Corp. in C.A. 4645, 4697 and 4743, for defendant Coastal States Gas Producing Co. in C.A. 4697 and 4723, and for defendant Coastal States Crude Gathering Co. in C.A. 4743.

S. Samuel Arsht of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for individual defendants Wyatt in C.A. 4645, 4697, 4723 and 4743 and for Capelle, Davis, Dubose, Fair, Gates, Jaworski, Odom, Vance & Ware in C.A. 4645, 4723 and 4743.

David F. Anderson of Potter, Anderson & Corroon, Wilmington, Del., and Cahill, Gordon & Reindel, New York City, of counsel, for individual defendants Daum, Hendee, King, Mitchell, Mueller and Tutt in C.A. 4645, 4697 and 4743, for Bellano in C.A. 4645 and 4743, for Laubach in C.A. 4697 and 4743, and for Sapp in C.A. 4743.

H. James Conaway, Jr., and Richard A. Levine of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant Touche Ross & Co. in C.A. 4723 and 4743.

Henry N. Herndon, Jr., and Morris L. Stoltz, II, of Morris, James, Hitchens & Williams, Wilmington, Del., for intervenor First National City Bank of Colorado Springs.

## OPINION AND ORDER

LATCHUM, Chief Judge.

The matter presently before the Court is the motion of the defendant Touche Ross & Co. ("Touche Ross") to dismiss it from the complaints filed in the actions captioned Weisberg v. Coastal States Gas Producing Company, et al., Civil Action No. 4723 ("Weisberg action") and Bomash v. Colorado Interstate Corporation, et al., Civil Action No. 4743 ("Bomash action").

Four actions arising out of the same operative facts have been filed in this Court. The first action, Gissen v. Colorado Interstate Corporation, et al., Civil Action No. 4645 ("Gissen action"), was filed here on May 3, 1973. The Gissen complaint charges that Colorado Interstate Corporation ("CIC"), Coastal States Gas Corporation ("Coastal") and their respective directors, in violation of Sections 10(b) [15 U.S.C. § 78j(b)] and 14(a) [15 U.S.C. § 78n(a)], of the Securities and Exchange Act of 1934 ("the Act"), and the rules promulgated thereunder, engaged in an illegal course of conduct whereby they failed adequately to disclose and falsely represented material circumstances in connection with the dissemination of a joint proxy statement issued by CIC and Coastal incident to a merger of the two companies. The Gissen action was brought by the plaintiff on her own behalf and on behalf of all other persons similarly situated, namely all persons who were CIC stockholders on November 1, 1972 and who received a notice of a special meeting of CIC stockholders to be held on December 20, 1972 and an accompanying proxy statement. On July 16, 1973 the Court determined that the Gissen action could be maintained as a Rule 23(b)(3), F.R. Civ.P., class action on behalf of all persons, exclusive of the defendants, who were stockholders of CIC on November 1, 1972.

Another action, Chechik v. Coastal States Gas Corporation, et al., Civil Action No. 4697 ("Chechik action"), was transferred to this Court from the United States District Court for the Eastern District of New York. The allegations in the Chechik complaint, although differing slightly, revolve around the same

operative facts as the Gissen action, namely the merger of CIC into Coastal. Chechik moved for an order to consolidate his action with the Gissen action for pre-trial purposes, and to determine that his suit could be maintained as a class action on behalf of all persons, exclusive of the defendants, who were stockholders of CIC on November 1, 1972 and as a separate class, all persons who were CIC stockholders continuously between July 7, 1972 and January 2, 1973. The Court permitted the consolidation for pre-trial purposes in a ruling from the bench on August 2, 1973 and ruled in a written opinion on August 15, 1973, 60 FRD 500 that the Chechik action could proceed as a class action on behalf of all stockholders of CIC, exclusive of the defendants, who held CIC stock continuously from July 7, 1972 to January 2, 1973.

On August 29, 1973 the Weisberg action was transferred to this Court from the United States District Court for the Western District of Texas. The Weisberg complaint also alleges wrongdoing with respect to the CIC-Coastal merger. On October 31, 1973 the Court pursuant to a motion by Weisberg ordered the consolidation of the Weisberg action with the Gissen and Chechik actions for pre-trial purposes, and determined that the Weisberg action could be maintained as a class action on behalf of all stockholders of CIC who received Coastal stock in exchange for their CIC stock pursuant to the merger that became effective on January 2, 1973.

The Bomash action was filed in this Court on October 17, 1973. The complaint in that action contained allegations similar to the previously filed suits. On January 30, 1974 the Court ordered its consolidation for pre-trial purposes with the earlier filed actions, and determined that the Bomash action could proceed as a class action on behalf of all persons who were stockholders of CIC prior to July 10, 1972 continuously to January 2, 1973.[1]

As stated above the Weisberg and Bomash actions arise out of the same operative facts as the Gissen and Chechik actions, namely a tender offer from Coastal to CIC stockholders by which Coastal obtained 47% of the outstanding common stock of CIC, and the subsequent merger of CIC into Coastal. The Weisberg and Bomash complaints name as an additional defendant Touche Ross, the independent Certified Public Accountants who certified the financial information concerning Coastal that appeared in the proxy statements sent out by the managements of CIC and Coastal urging their respective stockholders to approve the merger of the two companies.

Touche Ross has moved to dismiss the Weisberg and Bomash complaints on the ground that they fail to allege fraud with the particularity required by Rule 9(b), F.R.Civ.P.

Rule 9(b) provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The particularity requirement of Rule 9(b) is designed "to safeguard potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude," and also because "fraud and mistake embrace such a wide variety of potential conduct that a defendant needs a substantial amount of particularized information about plaintiff's claim in order to enable him to understand it and effectively prepare his response." 5 Wright and Miller, Federal Practice and Procedure. § 1296 (footnotes omitted). Therefore, conclusionary allegations of fraud merely tracking the language of the Act will not meet the specificity requirement of Rule 9(b). DuPont v.

---

1. The Bomash action also asserts a derivative cause of action on behalf of CIC.

Wyly, C.A. 4630 at 31, 61 F.Supp. 615 (D.Del.1973); Reiver v. Photo Motion Corporation, 325 F.Supp. 214 (E.D.Pa. 1971). "[T]he allegations must be accompanied by some delineation of the underlying acts and transactions which are asserted to constitute the fraud." DuPont v. Wyly, supra at 31.

However, Rule 9(b) must be read in conjunction with the liberal pleading policy of Rule 8(a)(2) which provides that a "pleading shall contain  .  .  . a short and plain statement of the claim," and Rule 8(e)(1) which provides that "each averment of a pleading shall be simple, concise, and direct." 5 Wright & Miller, supra at § 1298.

■ In order for a complaint to satisfy the pleading requirements of both Rules 8 and 9, it is necessary that it set forth a short and plain statement of the factual elements establishing fraud, but it need not spell out the evidentiary facts in detail. Collins v. Rukin, 342 F. Supp. 1282, 1292 (D.Mass.1972).

With these rules in mind, the Court must examine the allegations of the Weisberg and Bomash complaints to determine whether each sufficiently describes the factual elements comprising fraud.

The classic elements of fraud have been declared by the Supreme Court to be:

"*First*. That the defendant has made a representation in regard to a material fact; *Secondly*. That such representation is false; *Thirdly*. That such representation was not actually believed by the defendant, on reasonable grounds, to be true; *Fourthly*. That it was made with intent that it should be acted upon; *Fifthly*. That

it was acted on by complainant to his damage; and *Sixthly*. That in so acting on it the complainant was ignorant of its falsity, and reasonably believed it to be true." [2] Southern Development Co. v. Silva, 125 U.S. 247, 250, 31 L.Ed. 678 (1888).

### 1. *The Weisberg Complaint.*

■ The Court will initially deal with the Weisberg complaint. First, does the complaint sufficiently allege that Touche Ross made a representation in regard to a material fact? Paragraph 5 of the complaint alleges that Touche Ross acted as Coastal's accounting firm at all relevant times and certified much of the data appearing in the proxy statement. Paragraph 6(a) alleges that the proxy material was disseminated to CIC stockholders to seek the merger of CIC into Coastal, and Paragraph 6(b) alleges that the proxy material contained extensive financial data concerning Coastal and its oil producing lands, capabilities, potential and facilities. These charges read together allege that Touché Ross represented to CIC stockholders certain facts concerning Coastal which would be highly material to a CIC stockholder deciding whether to vote for a merger of CIC into Coastal.

Second, does the complaint sufficiently allege that the representation was false? Paragraph 7 charges that the representations made by all the defendants including Touche Ross were false in that the proxy statement (a) materially overstated Coastal's gas reserves, (b) omitted to state accurately the effect of contract disputes between Coastal and other parties, (c) omitted to state accurately the problems that had arisen concerning Coastal's ability to deliver gas

---

2. In Section 14(a) class actions, reliance need not be shown once it is established that material facts were misrepresented, Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S. Ct. 616, 24 L.Ed.2d 593 (1970); nor is scienter any longer the standard for determining liability, but rather negligence, Gould v. American Hawaiian Steamship Co., 351 F.Supp. 853 (D.Del.1972). Whether reliance or scienter must be proven in § 10(b) class actions remains an open question. See the concurring and dissenting opinion of Judge Adams in Kohn v. American Metal Climax, Inc., 458 F.2d 255 (C.A.3, 1972). The Court need not determine those questions at this time.

under existing contracts, (d) materially overstated Coastal's earnings and assets, and (e) omitted to state ·that short term sales of gas were made to artifically increase profits without disclosing the jeopardy to long term commitments. The Court concludes that the above allegations adequately identify the specific areas of the false representations or omissions which were allegedly the responsibility of Touche Ross.

Third, does the complaint sufficiently allege that Touche Ross' representations were not actually believed by it on reasonable grounds to be true? Paragraph 11 charges that the defendants knew or should have known that the financial reports were false and misleading, and Paragraph 8 states that the defendants acted willfully. Since Rule 9(b) provides that state of mind of a party may be averred generally, the above paragraphs sufficiently allege that Touche Ross did not reasonably believe the financial reports were true.

Fourth, does the complaint sufficiently allege that the representations made by Touche Ross were for the purpose of inducing the CIC stockholders to approve the merger? Since Rule 9(b) provides that intent may be averred generally, the allegation in Paragraph 11 that the representations were made by the defendants for the purpose of inducing the stockholders of CIC to approve the merger is sufficient.

Fifth, does the complaint sufficiently allege that the complainants acted on the representations to their damage? Paragraph 9 alleges that CIC's stockholders voted to accept the merger relying upon the facts stated in the proxy materials. Paragraph 8 alleges that because of the misrepresentations and the problems undisclosed in the proxy materials as outlined in Paragraph 7 of the complaint, the Securities and Exchange Commission suspended trading in Coastal's stock, and that just prior to the suspension, Coastal's stock was selling at $7.50 per share. Paragraph 12 alleges that as a result, the complainants have been damaged to the amount of $23.50 per share. The above paragraphs adequately allege that CIC stockholders, relying on the proxy statement, voted for the merger to their detriment since they exchanged their CIC stock for Coastal's which had an inflated value because of the material omissions from, and misrepresentations contained in the proxy statement as set forth in Paragraph 7 of the complaint.

Sixth, does the complaint adequately allege that the complainants were ignorant of the falsity of the proxy data and reasonably believed it to be true? Since under Rule 9(b) state of mind need only be alleged generally, Paragraph 9, which avers that the shareholders of CIC relied upon the facts contained in the proxy statement in approving the merger, is sufficient.

Based upon the foregoing, the Court concludes that the allegations in the Weisberg complaint have sufficiently particularized the identification of the circumstances constituting fraud to meet the requirements of Rule 9(b) and to enable Touche Ross to prepare an adequate answer to the allegations.

2. *The Bomash Complaint.*

The Court will now consider the Bomash complaint. First, does the Bomash complaint sufficiently allege that Touche Ross made a representation in regard to a material fact? Paragraph 6 of the complaint alleges that Touche Ross was the independent Certified Public Accountant for all the Coastal companies. Paragraph 16 alleges that proxy materials in support of the merger were disseminated to CIC stockholders. Since Touche Ross certified a great deal of financial data appearing in the proxy statement materials (see Pages 17 to 19 and F–1 to F–12 of the proxy materials), the above paragraphs adequately allege that Touche Ross represented to CIC stockholders certain facts concerning Coastal which would be highly mate-

rial to the decision of a CIC stockholder voting on a merger of CIC into Coastal.

Second, is there a sufficient allegation that the representations were false? Paragraph 17 among other things charges that the defendants (a) overstated the reserves of Coastal in a manner that distorted the true value of the corporation's assets, (b) failed to disclose information in the files of one of Coastal's subsidiaries, Lo Vaca Gathering Company, which adversely affected the financial statements of Coastal found on Pages F–1 to F–12 on the proxy materials, (c) failed to disclose that Coastal was likely to have lower earnings as a result of difficulties in providing natural gas to public utilities serving Austin and San Antonio, Texas, (d) failed to disclose accurately Coastal's gas reserves, (e) failed to disclose the proportion of their earnings which would be highly volatile because it represented short-term gas sales, and (f) failed to disclose the significance of a substantial increase in short term gas sales in 1971 and 1972 compared to the previous three years. The Court concludes the above allegations are an adequate statement of the alleged false representations and omissions for which Touche Ross is allegedly responsible to CIC stockholders.

Third, does the complaint sufficiently allege that Touche Ross' representations were not actually believed by it on reasonable grounds to be true? While not stated in those words, the clear import of the language "in furtherance of the scheme, plan, or conspiracy hereinabove described" in Paragraph 18 is that all of the defendants knew that the alleged misstatements and omissions described in Paragraph 17 were false and misleading. Since state of mind need only be averred generally under Rule 9(b), the inference arising from the above language is sufficient.

Fourth, is it sufficiently alleged that the representations were made with the intent of inducing the stockholders of CIC to approve the merger? Paragraph 22 alleges that the defendants knew or should have known that plaintiff would be misled, and Paragraph 17 alleges that "In connection with the plan, scheme and conspiracies of the defendants, . . . the defendants made false and misleading statements of material fact . . . with the result of inducing plaintiff and the other members of the class to exchange their shares of stock of Interstate [CIC] for preferred stock of Coastal States Gas Corporation, as provided in the merger. . . ." These paragraphs provide a sufficient general allegation that Touche Ross intended its representations to be relied upon.

Fifth, does the complaint adequately allege that Bomash complainants acted to their damage? Paragraph 22 alleges that the complainants did rely upon the misstatements and omissions to their damage. Paragraph 17 alleges that the complainants were induced to exchange their shares of CIC for Coastal stock, and Paragraph 11 asserts that their damages are the difference between a price of $40.00 per share (the tender offer price) and the present value of the shares held. The Court concludes that the above paragraphs set forth with sufficient particularity the factual allegations that Bomash complainants acted to their damage.

Sixth, does the complaint adequately allege that the complainants were ignorant of the falsity of the proxy data and believed it to be true? Although not stated in those words, the Court holds that allegations in Paragraph 22 that the complainants did rely on the misstatements in the proxy materials is a statement meeting the general pleading requirement for state of mind under Rule 9(b). Therefore, the Court concludes that the Bomash complaint alleges fraud on the part of Touche Ross sufficiently to enable it to frame an effective response to the allegations.

In light of the foregoing the Court refuses to dismiss Touche Ross as a de-

fendant from either the Weisberg or Bomash actions. Furthermore, should Touche Ross desire greater particularization of the charges against it, the avenue of discovery is open to it.

### ORDER

It is hereby ordered that defendant Touche Ross & Co.'s motion to be dismissed from C.A. 4723 and 4743 for failure to allege fraud with particularity is hereby denied.