(Slip Op. 85–122)

UNITED STATES, PLAINTIFF *v.* PRISCILLA MODES, INC. AND SAM LIEBERMAN, DEFENDANTS

Court Number 84–4–00493

Before CARMAN, *Judge.*

(Decided November 27, 1985)

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division (*Sheila N. Ziff* on the motion) for the plaintiff.

*Kaye, Scholer, Fierman, Hays and Handler* (*William H. Freilich* on the motion) for the defendants.

CARMAN, *Judge:* Before the Court is the motion of defendants, Priscilla Modes, Inc. and Sam Lieberman, to dismiss the complaint of the plaintiff United States brought under 19 U.S.C. § 1592 (1982) to enforce a civil penalty. Defendants claim that the complaint does not allege fraud with particularity as required by Rule 9(b) of this court, that the complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, that the complaint does not give defendants fair notice of the claim asserted as required by Rule 8(a), and that plaintiff's attorney of record violated Rule 11 because the complaint is not well grounded in fact.

## BACKGROUND

On April 6, 1984, plaintiff filed a complaint alleging that defendants entered, caused to be entered, or aided in the entry of wearing apparel from Scotland under documents that undervalued the apparel. Plaintiff identified the entries by attaching a descriptive exhibit to the complaint. The complaint alleged that the defendants

knowingly and willfully undervalued the apparel, and that defendants' actions caused plaintiff to lose duties of $206,444.61, and violated 19 U.S.C. § § 1481, 1484, 1485 and 1592. Counts I through III incorporated these allegations by reference and alleged, alternatively, that defendants' acts were the result of fraud, gross negligence, or negligence. Defendants moved to dismiss for the reasons stated above. Plaintiff amended its complaint to state with more particularity the elements of the alleged fraudulent conduct and the relationship between the individual defendant Sam Lieberman and the corporate defendant Priscilla Modes, Inc. Defendants responded by persisting in their motion to dismiss. The Court finds that plaintiff's amended complaint alleges fraud with sufficient particularity, is sufficient to give defendants notice of the claims made against them, and states a claim upon which relief can be granted. Defendants' motion to dismiss is therefore denied.

## OPINION

Rule 9(b) provides that, in "all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Rules 9(b) and 8(a) of the Federal Rules of Civil Procedure (FRCP) are identical to this Court's Rules 9(b) and 8(a), and it is therefore appropriate to look to the standards developed under the FRCP for guidance in the interpretation of this Court's rules. The purposes of Rule 9(b) are to ensure "that a defendant is afforded fair notice of the nature of plaintiff's claim and the grounds upon which it is based," and "that allegations of fraud will not be advanced lightly or without some factual basis." *Fulk* v. *Bagley,* 88 F.R.D. 153, 164 (M.D.N.C. 1980).

However, Rule 9(b) should be read in conjunction with the notice pleading requirement of Rule 8, which provides that a complaint should set forth "a short and plain * * * statement of the claim." *See U.S.* v. *F.A.G. Bearings Corp.,* 8 CIT 201, 615 F. Supp. 562 (1984); *see also Picture Lake Campgrounds, Inc.* v. *Holiday Inns Inc.,* 497 F. Supp. 858, 866 (E.D. Va. 1980). Thus "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." 2A J. Moore & J. Lucas, *Moore's Federal Practice* § 9.03, at 9–28–9–30 (1985). *See also* C. Wright & A. Miller, *Federal Practice and Procedure,* § 1297, at 406–07 (1969). If a complaint identifies the circumstances constituting the fraud so that the defendant can respond to the allegations, Rule 9(b) has been satisfied. *Walling* v. *Beverly Enterprises,* 476 F.2d 393, 397 (9th Cir. 1973); *McGinty* v. *Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir. 1980). *See F.A.G. Bearings,* 615 F. Supp. at 567.

Count I of the First Amended Complaint meets the requirements of Rules 9(b) and 8: it claims that defendants knowingly and willfully undervalued merchandise and failed to declare its actual price, it lists specifically the alleged false documents, and it claims that as a result of the alleged fraud defendant was injured. The alternative

counts of gross negligence and negligence in Counts II and III are also sufficiently specific to apprise defendants of the nature of the allegations and to enable them to frame a responsive reply. The First Amended Complaint further specifies the relationship of the defendant Lieberman to Priscilla Modes, Inc. and details the basis for the allegations of joint and several liability for the alleged violations of 19 U.S.C. § 1592.

Defendants also argue that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim for relief. By alleging a violation of 19 U.S.C. § 1592 and the consequent loss of duties, the complaint states a claim upon which relief can be granted. Finally, defendants argue that plaintiff's attorney filed a complaint not grounded in fact, as required by Rule 11. The complaint here makes specific factual allegations regarding the falsity of specific documents submitted by defendants. Therefore, it cannot be said that plaintiff's attorney filed a complaint not grounded in fact.

Defendant's motion is hereby denied.

It is so ordered.