UNITED STATES OF AMERICA, PLAINTIFF v. SCOPE IMPORTS, INC.
AND RICHWAY STORES, INC., DEFENDANTS

Court No. 85–05–00646

MEMORANDUM AND ORDER

(Dated June 2, 1986)

*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Sheila N. Ziff*) for the plaintiff.
*Givens, Kelly and Shaw* (*Robert T. Givens*) for defendant Scope Imports, Inc.
*Givens, Kelly and Shaw* (*Sharon Steele Doyle*) for defendant Richway Stores, Inc.

AQUILINO, *Judge:* In response to the original complaint, the defendants interposed essentially identical motions for more definite statements pursuant to CIT Rule 12(e). The plaintiff thereafter served and filed an amended complaint, wherein three counts charge defendant Scope Imports, Inc., in the alternative, with fraud, gross negligence and negligence within the meaning of 19 U.S.C. § 1592(a)(1). A fourth count alleges negligence on the part of defendant Richway Stores, Inc.

The precatory language of Rule 12(e) is "pleading * * * so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". To the extent fraud is alleged, CIT Rule 9(b) applies as follows:

> In all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity.

This requirement of particularity, however, does not abrogate the general rules of pleading set forth in CIT Rule 8, nor does it require the pleading of detailed evidentiary matter. *See, e.g.,* 2A Moore's Federal Practice § 9.03, at 9–28 to 9–30 (1979).

The proposed orders presented by the defendants in conjunction with their motions clearly indicate that they seek the revelation of evidentiary matter as opposed to learning the nature of plaintiff's claims. Furthermore, the court concludes after review of the amended complaint that the allegations therein meet the criteria of the above-cited rules of practice. That is, plaintiff's pleading is not so vague or ambiguous that the defendants herein cannot reasonably be required to frame responsive pleadings. As for the fraud claim(s), the circumstances are pleaded with sufficient particularity. *See generally United States* v. *F.A.G. Bearings Corporation,* 8 CIT 201, 615 F. Supp. 562 (1984). *Cf. Simcox* v. *San Juan Shipyard, Inc.,* 754 F.2d 430, 439 (1st Cir. 1985); *Haroco, Inc.* v. *American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 405 (7th Cir. 1984), *aff'd on other grounds,* 105 S. Ct. 3291 (1985); *Seville Industrial Machinery Corp.* v.

*Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied,* 105 S. Ct. 1179 (1985).[1]

In view of the foregoing, it is

ORDERED that defendants' motions for more definite statements be, and they hereby are, denied; and it is further

ORDERED that the defendants shall have until June 23, 1986 in which to answer or otherwise respond to plaintiff's First Amended Complaint; and it is further

ORDERED that counsel for each of the parties be available for a scheduling conference by telephone pursuant to CIT Rule 16(b) at 11:30 a.m. EDT on June 30, 1986.

---

[1] The rule under review in each of those circuit cases was 9(b) of the Federal Rules of Civil Procedure which is verbatim the CIT rule and interpreted in the same manner. *See, e.g., United States* v. *Priscilla Modes, Inc.,* 9 CIT 598, 599, Slip Op. 85–122 at 3 (Nov. 27, 1985).