UNITED STATES, PLAINTIFF *v.* VALLEY STEEL PRODUCTS CO. AND VALLEY INDUSTRIES, INC., DEFENDANTS

Court No. 88–08–00686

*John R. Bolton,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Platte B. Moring, III)*; of counsel: *Kathleen Bucholtz,* Assistant Regional Counsel, United States Customs Service, for plaintiff.

*Guilfoil, Petzall & Shoemake (Jim J. Shoemake* and *Kurt S. Odenwald)* for defendants.

(Dated December 21, 1988)

MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge:* Defendants Valley Steel Products Company (VSPC) and Valley Industries, Inc. (Valley) move to dismiss the complaint in an action brought to recover a civil penalty for alleged violations of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982).

The complaint alleges that between February 12, 1981 and November 19, 1981, forty-three consumption entries of steel pipe entered the commerce of the United States by means of material and false statement and/or by means of material omissions. According to plaintiff, VSPC and Valley participated in submission of importation papers with invoice prices which do not reflect the actual purchase prices. Plaintiff pleads upon information and belief that defendants and their foreign suppliers entered into agreements whereby purchase prices would be artificially inflated for the record to circumvent the antidumping laws.

Citing Rule 12(b)(5) of the Rules of this Court, VSPC and Valley attack plaintiff's complaint on grounds that it fails to meet the pleading requirement of stating a claim upon which relief can be

granted. Specifically, defendants argue that plaintiff's failure to plead common law elements of three alternative causes of action—fraud, gross negligence, and negligence—in the complaint constitutes a defect which warrants dismissal. With regard to the cause of action grounded on fraud, absence of elements of justifiable reliance and damages is alleged. As to gross negligence and negligence claims, defendants argue that failure to plead duty, breach of duty, causal relationship, recklessness, and damages is a ground for dismissal.

Plaintiff's claim is based on violations of 19 U.S.C. § 1592(a), which reads in pertinent part:

(a) Prohibition

(1) General rule
*Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby,* no person, by fraud, gross negligence, or negligence—

(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—

(i) any document, written or oral statement, or act which is material and false, or
(ii) any omission which is material, or

(B) may aid or abet any other person to violate subparagraph (A).

(Emphasis added).

It is basic that the applicable statute generally supersedes other standards of conduct. *See* 2 American Law Institute, *Restatement of the Law Second* § 284 (1965). Section 1592(a) excludes elements of reliance and damages as requirements to establish liability based on fraud. Further, violation of the statute creates a presumption of negligence. *See* W. Prosser, *Handbook of the Law of Torts* 200 (1971). It therefore follows that a statute-based claim which adequately pleads elements of the statute satisfies the pleading requirement for purposes of Rule 12(b)(5). Since VSPC and Valley do not dispute that plaintiff stated the necessary elements pursuant to section 1592(a), the 12(b)(5) basis for dismissal is without merit.

Defendants further move to dismiss on grounds that the complaint fails to meet Rules 8(a)(2) and 9(b), which require the pleader to make a "short and plain statement of the claim showing that the pleader is entitled to relief" and to state the circumstances supporting fraud claim with "particularity," respectively.

Since the function of a complaint is to establish the initial exchange among the parties, only the essential facts of the case need to be pleaded. A complaint which provides adequate notice to the opponent by isolating the area of actual controversy and by setting forth the relevant elements of the claim to enable the opponent to prepare and present an effective defense satisfies Rules 8(a)(2) and

9(b). *See United States* v. *Priscilla Modes, Inc. and Sam Lieberman,* 9 CIT 598 (1985); *United States* v. *F.A.G. Bearings Corp.,* 8 CIT 201, 615 F. Supp. 562 (1984); *United States* v. *F.A.G. Bearings Corp.,* 7 CIT 8 (1984).

In addition to the facts recited above, attached to complaint is a list itemizing the disputed forty-three entries of steel pipe, indicating discrepancy between their reported domestic value and the reported dutiable value. In aggregate, the reported domestic value of the covered entries is $13,452,479, whereas their reported dutiable value is $10,036,460.

Defendants are thus on adequate notice as to plaintiff's claim. With regard to the specificity required in a fraud-based cause of action, the concern appears to be one of protecting the defendant against unfair surprise in subsequent proceedings. Under the facts pleaded in the complaint, defendants do not appear to be exposed to possibility of any unfair surprise. Further, a defendant alerted to a fraud claim may resort to a motion for a more definite statement to proffer a cogent response. It is noted that the defendants submitted an answer in this case and do not assert that the vagueness of the complaint precluded it from filing a responsive pleading.

Accordingly, upon reading defendants' motion to dismiss and plaintiff's opposition thereto, and upon reviewing all the papers submitted herein, the Court finds that the complaint satisfies the requirements of Rules 12(b)(5), 8(a)(2), and 9(b). It is therefore ordered that defendants' motion to dismiss is denied in all respects.