**Morris AKERMAN and Arnold Klapper, Plaintiffs,**

v.

**BANKWORCESTER CORPORATION, Harold Cabot, and Anthony J. Keller, Defendants.**

Civ. A. No. 90–40080–S.

United States District Court, D. Massachusetts.

Nov. 5, 1990.

. Thomas G. Shapiro, Shapiro, Grace & Haber, Boston, Mass., for plaintiffs.

Nina R. Mishkin, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

This action is brought by two shareholders, purporting to represent a class of shareholders, against Bankworcester ("the bank") and two bank officers. The first count is against all three defendants for violations of § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5. The second count is against the individual defendants for violations of § 20 of the

Exchange Act. The third count is against all three defendants for negligent misrepresentation under Massachusetts common law. The defendants have moved to dismiss the complaint for failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

■ The complaint contains eighteen paragraphs of excerpts from the Bank's quarterly and annual reports covering the period from March 1, 1989 to April 2, 1990. In ¶ 32a of the complaint, the plaintiffs allege that the statements alleged in ¶¶ 14–31 were:

> materially false and misleading and made without reasonable basis. The defendants, in a scheme and continuous course of conduct to inflate the market price of the Corporation's securities, throughout the Class Period, knowingly and recklessly omitted material facts or misrepresented material facts to the investing public. . . .

Fed.R.Civ.P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Our court of appeals has held, in the context of a securities fraud case: "It is well settled that Rule 9 'requires specification of the time, place, and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred.'" *Wayne Investment, Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13 (1st Cir.1984), citing *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir.1980).

■ When complaints are based on "information and belief," as here [1], however, our court of appeals has adopted a stricter standard:

> A number of courts have held that allegations based on "information and belief" do not satisfy the particularity requirement unless the complaint sets forth the facts on which the belief is founded. The requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party.

*Wayne Investment,* 739 F.2d at 13–14 (citations omitted). The plaintiffs here have not pleaded sufficient supporting facts in the complaint. Paragraphs 14 through 31 simply quote verbatim from the Bank's annual and quarterly reports. Paragraph 32a has nine subsections. All are conclusory statements that pertain more to mismanagement than to misrepresentation. The plaintiffs' assertions include the following: the Bank had "overconcentrated its loan portfolio in customers in the commercial sector" (¶ 32a(a)); "total loan loss reserves were not maintained at an adequate level" (¶ 32a(b)); "the Corporation's credit review and authorization standards and policies and systems of internal controls were not functioning adequately" (¶ 32a(c)); "the Corporation's earnings, assets, and net worth were materially overstated and inflated throughout the Class Period due to, *inter alia,* grossly inadequate provisions for loan loss reserves" (¶ 32a(f)); and "the Corporation throughout the Class Period understated nonperforming loans and failed to provide adequate loan loss reserves for problem loans promptly and properly" (¶ 32a(g)).

The United States Supreme Court has held that the federal securities laws do not regulate "transactions which constitute no more than internal corporate mismanagement." *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 479, 97 S.Ct. 1292, 1304, 51 L.Ed.2d 480 (1977) (citation omit-

---

1. The introductory sentence of the complaint reads: "Plaintiffs, by their attorneys, bring this action on behalf of themselves and all others similarly situated against defendants, and allege upon information and belief, except as to paragraph "5", which is alleged on knowledge, as follows. . . ." Paragraph 5 alleges that the plaintiffs purchased shares of the Bank's common stock at prices that were inflated due to the defendants' misleading statements and omissions of material facts.

ted). The plaintiffs here, however, have not pointed to a single specific misrepresentation or material omission in any of the Bank's reports. Judge Tauro recently dismissed a complaint similar to this one:

> Although the complaint quotes at length from the Subscription Offering Circular, it does little more than allege that each quoted section was a misrepresentation or omission of a material fact.... Plaintiff's complaint has failed to identify a single material fact contained in the Subscription Offering Circular that was untrue when made. Nor has plaintiff pointed to a specific material fact which the defendants failed to disclose. Accordingly, both of plaintiff's federal claims must be dismissed.

*Loan v. Federal Deposit Insurance Corporation*, 717 F.Supp. 964, 967 (D.Mass. 1989). As in *Loan*, the plaintiffs here have failed to point to any concrete misrepresentation or material failure to disclose. They have failed to satisfy the standard set out by our court of appeals in *Wayne Investment*. Defendants' motion to dismiss the first and second counts of the complaint is allowed.

██ The only remaining count, count three, is a state common law claim for negligent misrepresentation. Pendent jurisdiction is a matter of discretion justified by considerations of judicial economy, convenience, and fairness to litigants. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). "Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *Id.* See also *Konstantinakos v. Federal Deposit Insurance Corporation*, 719 F.Supp. 35, 42 (D.Mass.1989). Accordingly, plaintiffs' state law claim is dismissed for lack of subject matter jurisdiction.

Accordingly, defendants' motion to dismiss is allowed.