Albert SCHWARTZ and Phyllis Schwartz on behalf of themselves and all others similarly situated, Plaintiffs,

v.

NCNB CORP., Hugh L. McColl, Jr., James H. Hance, Jr., Marc D. Oken, H.L. Culbreath, James W. Thompson and Robert H. Spilman, Defendants.

No. C–C–90–343–MU.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 28, 1991.

J. Mitchell Aberman, James McElroy & Diehl, Charlotte, N.C., Stanley R. Wolfe, Berger & Montague, P.C., Mark R. Rosen, Mesirov Gelman Jaffe Cramer & Jamieson, Philadelphia, Pa., Abbey & Ellis, New York City, for plaintiffs.

E. Osborne Ayscue, Jr., Bradley R. Kutrow, Smith Helms Mulliss & Moore, Charlotte, N.C., Warren R. Stern, Wachtell Lipton Rosen & Katz, New York City, for defendants.

## ORDER

MULLEN, District Judge.

This case was brought by Albert and Phyllis Schwartz against North Carolina National Bank Corporation (NCNB), Hugh L. McColl, Jr., James H. Hance, Jr., Marc D. Oken, H.L. Culbreath, James W. Thompson and Robert H. Spilman, alleging in count one violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* and Rule 10b–5 of the SEC. Count two alleges a violation of the common law of negligent misrepresentation,

and count three alleges violations of the common law of fraud and deceit. Counts two and three are based on pendent jurisdiction. The complaint seeks to be certified as a class action representing purchasers of NCNB stock during the class period from 15 March 1989 through 26 September 1990.

The defendants have filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to plead fraud with the specificity required under Rule 9(b).

A hearing was held on the motion to dismiss, as well as similar motions in other related cases, on 19 February 1991. At the close of the hearing, the Court took the matter under advisement. Because this case has not been consolidated with the other NCNB cases, the Court is entering separate orders in each case. The analysis on the identical legal issue raised by each complaint is repeated here so that each order will be able to stand independent of the other orders. However, the legal conclusion reached by the Court, which is applicable in the other cases, has then been applied to the specific complaint in this case.

■ The Court has spent considerable time delving into the thicket of Rule 9(b) as it has been applied to securities fraud cases. The Court recognizes that Rule 9(b) must be read in light of Rule 8's requirement of a "short and plain statement." *See, e.g., Clark v. Cameron–Brown Co.,* 72 F.R.D. 48 (M.D.N.C.1976).

It is clear to the Court that there has been no final answer given in the Fourth Circuit to the issue of the specificity required in a case such as this one. Plaintiffs point to the decision from the District of South Carolina in *Kitchens v. U.S. Shelter Corp.,* [1984 Transfer Binder] Fed.Sec. L.Rep. (CCH) 91,838, 1984 WL 1150 in which the Court found that the complaint satisfied the requirements of Rule 9(b) and that the Fourth Circuit has refused to adopt the "stringent pleading requirements" of the Second Circuit. However, subsequent to the decision in *Kitchens,* the

Fourth Circuit described "the stringent pleading requirements" of Rule 9(b) in a case not dealing with securities laws. *Walk v. Baltimore and Ohio R.R.,* 847 F.2d 1100 (4th Cir.1988), *vacated on other grounds,* 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989). Most recently, the District Court of Maryland faced the same legal issue here of applying Rule 9(b) to a securities suit and concluded that Rule 9(b) required more specificity in supporting conclusory allegations than was put forth in the complaint. *Gollomp v. MNC Financial, Inc.,* 756 F.Supp. 228 (D.Md.1991). The Court understands that the decision in *Gollomp* is now on appeal.

The Court finds that none of these cases provides a final, authoritative answer to the question at hand and that the *Gollomp* decision, which directly addresses the present issue, has not yet received appellate review.

Therefore, the Court concludes that there is no binding Fourth Circuit precedent on this issue. The Court notes that courts appear to have recently applied Rule 9(b) to security cases in significantly different ways with results that point in every direction of the compass. *Compare Gutman v. Howard Savings Bank,* 748 F.Supp. 254 (D.N.J.1990) *and In re Midlantic Corporation Shareholder Litigation,* 758 F.Supp. 226 (D.N.J.1990) *and Nicholas v. Poughkeepsie Savings Bank/FSB,* [1990 Transfer Binder] Fed.Sec. L.Rep. (CCH) 95,606, 1990 WL 145154 (S.D.N.Y. September 26, 1990) *with Haft v. Eastland Financial Corp.,* 755 F.Supp. 1123 (D.R.I.1991) *and Akerman v. Bankworcester,* 751 F.Supp. 11 (D.Ma.1990) *and Gollomp v. MNC Financial, Inc.,* 756 F.Supp. 228 (D.Md.1991).

■ Upon review of the relevant authorities, this Court agrees with the court in *Gollomp* as to how the Fourth Circuit would apply Rule 9(b)'s. As explained by other courts, in the area of securities violations, Rule 9(b) requires a greater specificity as to the fraud than may be required in other suits. This greater specificity is appropriate and necessary because of the potential for abuse of a strike suit brought

for its *in terrorem* effect. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 739, 95 S.Ct. 1917, 1927, 44 L.Ed.2d 539 (1975). The role of Rule 9(b) in curtailing suits brought for their *in terrorem* value is well recognized. *Wayne Inv. v. Gulf Oil Corp.*, 739 F.2d 11 (1st Cir.1984); *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96 (3rd Cir.1983); *Decker v. Massey–Ferguson Ltd.*, 681 F.2d 111 (2d Cir.1982).

As explained in *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990), the plaintiffs must point in the complaint to some reason that the difference between the "rosy" projections and later results is attributable to fraud. *See also, Crystal v. Foy*, 562 F.Supp. 422 (S.D.N.Y.1983) (the complaint must allege specific facts for the fraud and a basis from which an inference of fraud may fairly be drawn); *Denny v. Barber*, 576 F.2d 465, 470 (2nd Cir.1978) (one cannot allege "fraud by hindsight"); and *Gollomp v. MNC Financial, Inc.*, 756 F.Supp. 228 (D.Md.1991) (plaintiff must plead sufficient facts to support conclusory allegations).

Applying Rule 9(b) to the complaint in this case, the Court finds the complaint lacking in the specificity required to state a claim for fraud. The parties spent some time at oral argument arguing about matters that are not found within the complaint. As indicated at the hearing, the Court will not convert this action or the action in *Shields* to a motion for summary judgment and has considered in reaching its decision only the allegations in the complaint. The fifty-five page complaint contains a wealth of allegations; however, even these voluminous allegations fail to provide the indicia of fraud required by Rule 9(b). As in the other NCNB cases, the complaint details a series of financial reports, press releases, SEC filings and other information available to the public and then alleges that these statements were all false and misleading and were made with knowledge or reckless disregard of their false nature or misleading qualities. In a shotgun allegation, paragraph 63

alleges that all of the preceding statements (paragraphs 19 through 59) of the defendants misrepresented the true financial condition of NCNB or failed to disclose material facts. The complaint fails to explain how this allegation is possible. For example, paragraph 24 states in its entirety:

> "On or about December 20, 1988, NCNB issued a press release announcing that its Board of Directors had declared a dividend on its series B Cumulative Preferred Stock of $1.00 per share, payable January 1, 1989 to shareholders or record on December 23, 1988."

This paragraph is a good example of the nebulous quality of the complaint. Under paragraph 63, this paragraph is alleged to be false or misleading; however, it is hard to imagine this to be so as the Court doubts that plaintiffs seriously dispute the facts that a dividend was declared on a certain date at a set amount with a record date.

The Court notes the possibility that this case, as well as the others, may have been brought for its *in terrorem* value. The complaint does contain more specific allegations than those found in the Heller complaint. The Court notes the complaint's allegation in paragraph 52 about a press release in which a spokesman is alleged to have stated that earnings estimates for 1990 and 1991 were too high, "despite our expressing confidence with $6 a share" for 1990. The Court finds this allegation totally ambiguous as it does not state whose estimates, NCNB's prior estimates or estimates of analysts or others, were too high. This allegation does not provide a factual basis for the alleged fraud.

The Court has paid particular attention to the allegations set forth in paragraph 66, which contain some specificity. However, these allegations are conclusory and fail to provide an adequate factual basis for an inference of fraud and scienter. Simply put, plaintiffs have not shown the factual basis for the alleged pervasive fraud. Plaintiffs have failed to allege facts that would lead one reasonably to believe that the difference between the projections and

results "must be" attributable to fraud. *DiLeo*, 901 F.2d at 627.

The Court concludes that count one of the complaint fails to plead fraud with the particularity required by Rule 9(b). Without the fraud charge, the count is simply a claim against corporate mismanagement or for failure to disclose corporate mismanagement. Neither claim is sufficient under federal securities laws. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977); *Naye v. Boyd*, [1986–1987 Transfer Binder] Fed.Sec. L.Rep. (CCH) 92,979, 1986 WL 198 (W.D.Wash.1986). Therefore, the Court will dismiss count one pursuant to Rules 9(b) and 12(b)(6).

As a result of that conclusion, the remaining counts alleging (1) common law negligent misrepresentation and (2) common law fraud and deceit, which are based on pendent jurisdiction, should be dismissed. *United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

These determinations of the Court render all other outstanding motions MOOT.

IT IS THEREFORE ORDERED THAT the motion by the defendants to dismiss the complaint is GRANTED and that the complaint is hereby DISMISSED without prejudice.