**John HELLER, Plaintiff,**

**v.**

**NCNB CORP., Hugh L. McColl, Jr., James H. Hance, Jr., Defendants.**

**No. C–C–90–323–MU.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 28, 1991.

Edward T. Hinson, Jr., J. Mitchell Aberman, James McElroy & Diehl, P.A., Charlotte, N.C., Jules Brody, Stull Stull & Brody, Joseph H. Weiss, New York City, for plaintiff.

E. Osborne Ayscue, Jr., Bradley, R. Kutrow, Smith, Helms, Mulliss & Moore, Charlotte, N.C., Warren R. Stern, Wachtell, Lipton, Rosen & Katz, New York City, for defendants.

## ORDER

MULLEN, District Judge.

This case was brought by John Heller against North Carolina National Bank Corporation (NCNB), Hugh L. McColl, Jr. and James H. Hance, Jr., alleging violations of Section 10(b), Rule 10b–5 and Section 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* The complaint also includes a count for common law negligent misrepresentation based on pendent jurisdiction. The complaint seeks certification as a class action representing purchasers of NCNB stock during the class period from 14 May 1990 through 26 September 1990.

The defendants have filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to plead fraud with the specificity required under Rule 9(b).

A hearing was held on the motion to dismiss, as well as similar motions in other related cases, on 19 February 1991. At the close of the hearing, the Court took the matter under advisement. The Court is contemporaneously entering orders in all the related cases. Because these cases have not been consolidated, the Court is repeating in each order the legal analysis set forth here so that each order can stand independently of the others. However, the Court has analyzed the complaints in each case separately and has rendered its opinion based upon the specific allegations in each complaint.

The Court has spent considerable time delving into the thicket of Rule 9(b) as it has been applied to securities fraud cases. The Court recognizes that Rule 9(b) must be read in light of Rule 8's requirement of a "short and plain statement." *See, e.g., Clark v. Cameron–Brown Co.,* 72 F.R.D. 48 (M.D.N.C.1976).

It is clear to the Court that there has been no final answer given in the Fourth Circuit to the issue of the specificity of the complaint required in a case such as this one. Plaintiff points to the decision from the District of South Carolina in *Kitchens v. U.S. Shelter Corp.,* [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH) 91,838, 1984 WL 1150 in which the Court found that the complaint satisfied the requirements of Rule 9(b) and that the Fourth Circuit has refused to adopt the "stringent pleading requirements" of the Second Circuit. However, subsequent to the decision in *Kitchens,* the Fourth Circuit described "the stringent pleading requirements" of Rule 9(b) in a case not dealing with securities laws. *Walk v. Baltimore and Ohio R.R.,* 847 F.2d 1100 (4th Cir.1988), *vacated on other grounds,* 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989). Most recently, a decision from the District Court of Maryland faced the same legal issue here of applying Rule 9(b) to a securities suit and concluded that Rule 9(b) required more specificity in supporting conclusory allegations than was set forth in the complaint. *Gollomp v. MNC Financial, Inc.,* 756 F.Supp. 228 (D.Md.1991). The Court understands that the decision in *Gollomp* is now on appeal.

The Court finds that none of these cases provides a final, authoritative answer to the question at hand and that the *Gollomp* decision, which directly addresses the present issue, has not yet received appellate review. Therefore, the Court con-

cludes that there is no binding Fourth Circuit precedent on this issue.

The Court notes that courts appear to have recently applied Rule 9(b) to security cases in significantly different ways with results that point in every direction of the compass. *Compare Gutman v. Howard Savings Bank,* 748 F.Supp. 254 (D.N.J.1990) *and In re Midlantic Corporation Shareholder Litigation,* 758 F.Supp. 226 (D.N.J.1990) *and Nicholas v. Poughkeepsie Savings Bank/FSB,* [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) 95,606, 1990 WL 145154 (S.D.N.Y. September 26, 1990) *with Haft v. Eastland Financial Corp.,* 755 F.Supp. 1123 (D.R.I.1991) *and Akerman v. Bankworcester,* 751 F.Supp. 11 (D.Ma.1990) *and Gollomp v. MNC Financial, Inc.,* 756 F.Supp. 228 (D.Md.1991).

■ Upon review of the relevant authorities, this Court agrees with the court in *Gollomp* as to how the Fourth Circuit would address Rule 9(b)'s application. As explained by other courts, in the area of securities violations, Rule 9(b) requires a greater specificity as to the fraud than may be required in other suits. This greater specificity is appropriate and necessary because of the potential for abuse by a strike suit brought for its *in terrorem* effect. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 739, 95 S.Ct. 1917, 1927, 44 L.Ed.2d 539 (1975). The role of Rule 9(b) in curtailing suits brought for their *in terrorem* value is well recognized. *Wayne Inv. v. Gulf Oil Corp.,* 739 F.2d 11 (1st Cir.1984); *Christidis v. First Pennsylvania Mortg. Trust,* 717 F.2d 96 (3rd Cir. 1983); *Decker v. Massey–Ferguson Ltd.,* 681 F.2d 111 (2d Cir.1982).

■ As explained in *DiLeo v. Ernst & Young,* 901 F.2d 624 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990), the plaintiff must point in the complaint to some reason that the difference between the "rosy" projections and later results is attributable to fraud. *See also, Crystal v. Foy,* 562 F.Supp. 422 (S.D.N.Y.1983) (the complaint must allege specific facts for the fraud and a basis from which an inference of fraud may fairly be drawn); *Denny v. Barber,* 576 F.2d 465, 470 (2nd Cir.1978) (one cannot allege "fraud by hindsight"); and *Gollomp v. MNC Financial, Inc.,* 756 F.Supp. 228 (D.Md.1991) (plaintiff must plead sufficient facts to support conclusory allegations).

■ Applying Rule 9(b) to the complaint in this case, the Court finds the complaint totally lacking in the specificity required. The complaint basically recites a series of financial reports, press releases and other information available to the public and then alleges that these were all false and misleading and were made with knowledge or reckless disregard of their false nature or misleading qualities. The complaint falls far short of providing an adequate factual basis for an inference of fraud and scienter. In the words of *DiLeo*, plaintiff has failed to allege facts that would lead one reasonably to believe that the difference between the projections and results "must be" attributable to fraud. *DiLeo*, 901 F.2d at 627.

The Court concludes that Count One of the complaint alleging violations of securities laws fails to satisfy the requirement of Rule 9(b). Absent a claim of fraud, which has not been plead with the required specificity, the complaint states only a failure to disclose mismanagement or a claim of corporate mismanagement, neither of which is sufficient to state a claim for securities fraud. *Naye v. Boyd,* [1986–1987 Transfer Binder] Fed.Sec.L.Rep. (CCH) 92,979, 1986 WL 198 (W.D.Wash.1986); *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). Therefore, the count one of the complaint should be dismissed pursuant to Rules 9(b) and 12(b)(6).

■ As a result of that conclusion, the remaining count alleging common law negligent misrepresentation based on pendent jurisdiction should be dismissed under the teachings of *United Mine Workers v. Gibb,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Because of the dismissal of the complaint, all other motions outstanding are now MOOT.

IT IS THEREFORE ORDERED THAT the motion by the defendants to dismiss the complaint is GRANTED and that the complaint is hereby DISMISSED without prejudice.